## Smead and Another *v.* Green and Another.

By the common law illegal interest paid might be recovered back.

Suit upon a note executed in *Ohio* in 1846, payable in thirty days.  The legislature of *Ohio* passed an act which took effect *March* 1, 1848, authorizing usurious interest paid to be recovered back or set off.  It appearing by the evidence that usurious interest had been paid on the note, and it seeming that it was paid in *September*, 1850, it was allowed to be set off against the note.

ERROR to the *Switzerland* Circuit Court.

PERKINS, J.—Assumpsit upon a promissory note of which the following is a copy.

" $2,500.  *Cincinnati*, *March* 11, 1846.  Thirty days after date, we or either of us promise to pay *William Smead & Co.*, or bearer, twenty-five hundred dollars, for value received.  And it is understood that the liability of neither of us is to be affected by further time being given for payment; and in case said sum should not be paid when due, we or either of us do hereby empower any person duly authorized, to confess a judgment without process, and without notice given to us, before any Court of competent jurisdiction, for the above sum and costs, with release of

errors, &c., waiving the right of appeal. [Signed] *Martin R. Green, Eliphalet Case*, Jr."

The defendants pleaded payment, with notice of set-off, &c. Replication, denying the payment and the set-off.

The statutes of *Ohio* on the subject of interest were set out in the declaration and given in evidence.

The record states, that "It was admitted by the defendants upon the trial, that the promissory note declared on was made by them at *Cincinnati, Ohio,* at its date, and that the plaintiffs were, at that date, partners, and that the note was payable to them. One *Scott Carter* testified that he had heard the plaintiffs say that the defendants agreed, at the date of the note sued on, to pay the interest on the note at the rate of 2 per cent. per month, and that they had paid the interest, at that rate, on the note, up to the 3d of *September*, 1850, on that part of the principal remaining unpaid. It was proved that 500 dollars of the principal was paid on the 3d of *December*, 1846, and 900 dollars on the 3d of *April*, 1848." This was all the evidence given in the cause.

The Circuit Court gave judgment for the defendants. We affirm that judgment.

The contract to pay the 2 per cent. per month interest, was usurious and void. The law of *Ohio*, as set out in the record, forbade the taking of over 6 per cent. By the common law, illegal interest, when paid, may be recovered back. *The State Bank* v. *Ensminger*, 7 Blackf. 105. And were this not so, the legislature of *Ohio*, in *February*, 1848, passed an act, which took effect on the 1st of *March* succeeding, authorizing it to be recovered back or set off, as the case might require. In the case before us, there is nothing showing that the usurious interest was paid till the 3d of *September*, 1850, and we certainly will not resort to inference to aid such *Shylocks* as these plaintiffs in successfully contemning the law of the land, and cutting out the pound of flesh from their victims.

Applying the amount paid as usury to the principal of the debt, it makes full payment.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Dumont*, for the plaintiffs.

*J. G. Marshall* and *D. Kelso*, for the defendants.