Porter *v.* Mount.

[MONROE GENERAL TERM, September 7, 1863. *Johnson, J. C. Smith* and *Welles,* Justices.]

————————◆•◆————————

## NATH'L R. PORTER *vs.* JOHN MOUNT and HARRIET MOUNT.

The statute which authorizes a party paying usurious interest for the loan or forbearance of money, to sue for and recover the excess, within *one year* next after such payment, is cumulative, and does not take away the common law remedy of the borrower to recover such excess in an action for that purpose, which may be brought at any time within six years.

The borrower's common law right of action is not *absolutely* suspended during the three years given to the overseers or superintendents of the poor for suing, by the statute, but he may sue during that period *provided* neither of such officers has previously sued for the same matter, and not otherwise.

If an action has been brought by those officers, previously, it is the duty of the defendant, in an action brought by the borrower, to show that fact, affirmatively.

An action may be maintained by a borrower, against husband and wife jointly, to recover back money paid as usurious interest, where the money loaned, and the security taken therefor, belonged exclusively to the wife, as a part of her legal estate, and the money taken for the loan and forbearance was paid to and received by her, and the husband, so far as he participated in the transaction, acted for her and with her knowledge and assent.

Under the provisions of the acts of 1848 and 1849 for the more effectual protection of the property of married women, a married woman, having a separate legal estate consisting of money, may lend the same, take and

hold securities therefor in her own name, and sue for and enforce them at law. And the power to do these things includes the ability to make all contracts incident thereto. She is not exempt from the liabilities which the law imposes upon all other lenders of money.

Dictum of Spencer, Ch. J. in *Wheaton* v. *Hibbard*, (20 *John.* 290,) overruled.

ACTION to recover back $286, usuriously paid by the plaintiff to the defendants for the loan and forbearance of $1000, and for interest from the time of such payment. The plaintiff alleged, in his complaint, that on the 5th of May, 1857, he applied to the defendants for a loan of $1000, and the defendants corruptly agreed to lend and advance him that sum provided he would pay them, for the use of the same for about one year, the sum of $136 over and above the rate of interest allowed by law, and on the further condition that the plaintiff would secure the payment of the same by the execution and delivery of a bond and mortgage on real estate. And that on the 5th day of May, 1857, at Burns, in the county of Allegany, the defendants lent and advanced to the plaintiff the said sum of $1000, and the plaintiff, with his wife, executed and delivered to the defendant Harriet Mount the said bond and mortgage, and the plaintiff paid, and the defendants corruptly and unlawfully received from him the sum of $136 for the loan of the said $1000, over and above the legal rate of interest; and that a part of said $1000 was the separate property of the defendant Harriet Mount. The plaintiff further alleged that the mortgage being due and unpaid, and he being unable to meet the payment thereof, on or about the 1st of November, 1858, the defendants corruptly agreed to extend the time of payment, for one year, on condition that the plaintiff would pay to the defendants the sum of $100, to which the plaintiff agreed; and that the defendants, in pursuance of that agreement, corruptly and unlawfully received from the plaintiff and the plaintiff gave his note for, and subsequently paid, the said sum of $100, over and above the legal rate of interest, for such extension of payment. The complaint then alleged a similar agree-

ment made November 1, 1859, to extend the time of payment for one year, and the payment of $50 to the defendants as a condition of such extension, over and above the legal rate of interest. The plaintiff alleged that he had paid in full the said bond and mortgage with interest; and that no other proceedings had been instituted to recover back the said sums so paid by him in excess of the legal interest.

The defendants put in separate answers, in which they each denied the allegations in the complaint, and insisted that the action was not brought within one year after the payment of the money, or any part of it, in the complaint alleged to have been paid corruptly and usuriously to the defendants.

The action was commenced March 24, 1862. It was tried at the circuit held in Livingston county in January, 1863, before JOHNSON, J. and a jury. It was admitted that the defendants were, and all the time continued to be, husband and wife, and that the alleged excess of interest was paid more than one year before the commencement of this action. At the close of the plaintiff's testimony the defendants moved for a nonsuit on the grounds: 1. That the statute of limitations of one year, applied to this case. 2. That the plaintiff had not established a joint liability on the part of the defendants. The plaintiff insisted that the statute did not apply to an action at common law, and that the taking of the money wrongfully, by the defendants, was a joint act, and that the wife was liable to account for such money, and her separate estate was also liable. And he insisted upon his right to go to the jury upon the facts of the case as proven, and that he was entitled to a verdict for such amount and interest. But the court nonsuited the plaintiff, directing a case to be made, and the action taken to the general term for its decision.

*R. L. Dorr,* for the plaintiff.

*Bemis & Stevens,* for the defendants.

*By the Court,* JAMES C. SMITH, J.   This is an action to recover money alleged to have been received by the defendants as excessive and unlawful interest for the loan and forbearance of money.   The first question presented is whether the action is barred by the special statutory limitation existing in this state in respect to certain actions of this nature.   The plaintiff is undoubtedly correct in his position that the statute, (1 *R. S.* 772, § 3; 1 *R. L.* 64,) which authorizes the party paying usurious interest for the loan or forbearance of money, to sue for and recover the excess, within *one year* next after such payment, is cumulative, and does not take away the common law remedy of the borrower to recover such excess in an action for that purpose, which may be brought at any time within six years.   It was so held by the supreme court in *Wheaton v. Hibbard,* (20 *John,* 290,) under the act of 1787, which was substantially the same as our present statute, in respect to this question.   (*Schroeppel v. Corning,* 2 *Seld.* 107, *per Paige, J.* 115, *and Foot, J.* 118.)   But our statute, which was taken from that of 12 Anne, ch. 16, contains a further provision, which was not in the English statute, that if the person paying usury shall not bring his suit within the year, and prosecute it to effect, then the excess so paid may be sued for and recovered with costs, at any time within three years after the said one year, by any overseer of the poor of the town, or by any superintendent of the poor of the county in which the payment may have been made. (§ 4.)   The statute of 1787 contained a similar provision, allowing *any other* person to prosecute within *one* year next after the year allowed to the borrower; and in view of that provision, Justice Spencer, delivering the opinion of the court in *Wheaton v. Hibbard,* (*supra,*) said: "The injured party cannot have both remedies, and if he neglect to pursue the statute remedy for more than a year, his right of action at common law would be *suspended* during the second year, for, peradventure a third person may prosecute."   If this construction is correct, it follows that on the 24th day of March,

Porter *v.* Mount.

1862, when this suit was commenced, the plaintiff's right of action, in respect to the interest paid on the first day of April, 1858, and the fifth of November, 1859, was suspended by the provision of our present statute, which gives a right of action to the public officers named, during three years next after the one year. However his right of action was in full force in respect to the payment made on the 15th of April, 1857, because as to that the three years had expired, and the public officers had not sued, so that in any view of the case, the statute limitation was not a bar to the whole cause of action. But as the question in respect to the effect of the statute upon his right of action for the other payments will arise again upon a new trial, it is proper that it should now be considered. The remark of Judge Spencer, above referred to, is *obiter dictum;* no authority is cited in its support; and with due respect for the opinion of the learned judge from whom it fell, I am inclined to think it is not wholly correct. If the borrower's right of action is suspended during the three years, either the statute continues to run in the mean time, and thus the period within which the borrower may sue is practically reduced from six years to three, or else the running of the statute is suspended with the cause of action, and thus the time within which the borrower may sue is extended from six years to nine. I think a better rule of construction is stated by Lord Coke, in *Foster's case,* (11 *Rep.* 64,) thus : " In all acts which are introductive of a *new* law, the express designation of one person is the *exclusion* of all other ;" * * * but "in many cases the designation of a new person, in a later act of parliament, shall not exclude another person who was authorized to do the *same* thing by a *precedent* act." And he gives the following illustration of his meaning : " It is enacted by the statute of 8 Hen. 6, ch. 16, that after office found, &c. he who finds himself grieved, may within the month, offer a traverse, and to take the lands and tenements to farm, and that then the chancellor, treasurer and other officer shall let them to him to farm, until, &c. And now,

by the statute of 1 Hen. 8, 16, he has liberty by the space of three months: and afterwards the statute of 32 H. 8, 40, gave authority to the master of the wards, with the advice of one of the council, to make a lease of the lands of a ward or of an idiot, during the time they shall remain in the king's hands; although the latter act designs another person, yet it doth not utterly take away the first; for if before any lease made by the master of the wards, the chancellor and treasurer make one according to the statute of 3 H. 6, then the said master cannot demise it; and so if the master makes it first to another, the chancellor and treasurer cannot demise it to the party grieved." The rule laid down by Lord Coke is applicable to the case in hand, as it is manifestly immaterial whether the first authority is given by a precedent *statute*, or by the common law, if there are no negative words, or words of exclusion, in the later act. The two are to stand together as far as possible. I think, therefore, the borrower's common law right of action is not *absolutely* suspended during the three years given to the public officers by the statute, but he may sue during that period, *provided* neither of such officers has previously sued for the *same* matter, and not otherwise. In this case it is not alleged or proved that the officers have sued, and if the fact were so, it should have been shown affirmatively by the defendants. If these views are correct, the statute in question is not a bar to the plaintiff's action in respect to either sum paid by him.

The remaining question to be considered is whether the evidence, in any view that may properly be taken of it, establishes a cause of action against both defendants. At the time of the loan, and of the payment of the several sums of money sought to be recovered, the defendants were husband and wife. Upon the argument before us, and also upon the trial, as I infer from the printed case, it was taken for granted that the wife had a separate legal estate under the provisions of the statutes of 1848 and 1849 for the more effectual protection of the property of married women; and the evidence

Porter *v.* Mount.

tends to show, and if submitted to the jury would have authorized them to find, that the money loaned, and the security taken therefor, belonged exclusively to the wife as a part of her legal estate, and that the money taken for the loan and forbearance was paid to and received by her, and that her husband, so far as he participated in the transaction, acted for her and with her knowledge and assent. In this view of the case I am of the opinion that the action may be maintained. There can be no doubt but that under the provisions of the statutes above referred to, a married woman, having a separate legal estate consisting of money, may lend the same, take and hold securities therefor in her own name, and sue for and enforce them at law. The power to do these things, includes the ability to make all contracts incident thereto. (*See Barton* v. *Beer*, 35 *Barb.* 78.) As her common law disabilities are removed to this extent, and she may enforce at law contracts in relation to the loan and forbearance of money upon interest, to which she is a party, and enjoy the benefits and profits accruing from them, it would be intolerable to hold that she is exempt from the liabilities which the law imposes upon all other lenders of money. The basis of this action is an obligation on the part of the lender to refund the excess which the law implies from the nature of the transaction. The statutes referred to permit married women to engage in the business of lending money, but not to take usury, and if they receive it, they are under the same legal obligation to restore it as other usurers. This legal obligation may be enforced against a married woman by an action *at law*, under the provisions of the statute of 1860, (*Laws* 1860, *p.* 158, *ch.* 90, § 7,) which was in force when this action was commenced; and as the law *now* stands, a judgment may be given against her, and may be enforced by execution against her separate legal estate, the same as if she were sole. (*Laws of* 1862, *p.* 345, *ch.* 172, § 7. *Id. pp.* 849, 850, *ch.* 460, §§ 12, 13.)

In this view of the case, it is no objection that the husband

was joined with his wife as a defendant. Sec. 114 of the code provides that when a married woman is a party, her husband *must* be joined with her, except, &c. This section is unrepealed, and the only statute modifying it when this action was brought is that of 1860, (*Laws of* 1860, *p.* 158, *ch.* 90, § 7,) which provides that when the suit relates to her separate property, she *may* sue or be sued alone. If the husband was not personally liable, the jury could have rendered a verdict accordingly, and the judgment might have been so framed as to protect his rights.

I think there should be a new trial, with costs to abide the event.

New trial ordered.

[Monroe General Term, September 7, 1863. *E. Darwin Smith, Johnson* and *J. C. Smith,* Justices.]