## LACY *v.* BROWN.

USURY.— *Usurious Interest included in Principal of Promissory Note Payable in Bank.— Voluntary Payment.* —The payment, by the maker of a promissory note payable in bank, of a judgment recovered thereon, against him, by a *bona fide* endorsee thereof for value and before maturity, is not a voluntary payment ; and he may maintain an action against the payee, for usurious interest included in the principal of such note and judgment.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee.

SCOTT, J.—Lacy made a note to Brown, in which was included a large amount of usurious interest. Brown sold and endorsed the note before due, in good faith, for a valuable consideration, to the First National Bank of Indianapolis. The bank collected the note from Lacy, by legal process. No defence was made.

This suit is brought by Lacy against Brown, the payee, to recover the illegal interest paid to the bank by him, as maker of the note.

A demurrer for want of facts was sustained and exception entered. The plaintiff declined to amend, and final judgment was rendered against him, from which he appeals to this court. Counsel for appellant seek to maintain the action upon the common-law right to recover back, by suit, usurious interest paid.

This court has held that usurious interest paid may be recovered at common-law. *The State Bank* v. *Ensminger,* 7 Blackf. 105 ; *Berry* v. *Makepeace,* 3 Ind. 154 ; *Smead* v. *Green,* 5 Ind. 309.

In *Holcraft* v. *Mellott,* 57 Ind. 539, this court held that usurious interest voluntarily paid could not be recovered. HOWK, J., in delivering the opinion of the court, used the following language :

" The act of March 9th, 1867, certainly repealed, by im-

plication, so much of the amended 5th section, before cited, of the act of March 7th, 1861, as prohibited the recoupment of usurious interest; but the prohibition in said amended section, against a direct action for the recovery back of usurious interest voluntarily paid, has not been repealed in any manner, and is still a part of our law.''

The right to recover usurious interest paid still exists in this State, unless the same is voluntarily paid; then the right to recover such usurious interest is taken away by statute. Was the usurious interest so paid by Lacy to the bank a voluntary payment?

The complaint alleges that the note was payable at a bank in this State, to the order of the defendant; that, before the maturity of the same, said defendant transferred said note, in good faith and for a valuable consideration; and that, on the 12th day of March, 1875, the First National Bank of Indianapolis recovered a judgment thereon, in the Marion Superior Court, against the plaintiff, as principal, and one Fortner and the defendant, Brown, for the sum of two thousand three hundred and thirty-two dollars and eighteen cents, which judgment the plaintiff paid in full; that eight hundred and fifty-seven dollars and thirty-nine cents of said judgment was illegal and usurious interest, over and above ten per cent.

If Brown had held the note until due, and sued Lacy thereon, he, Lacy, could undoubtedly have recouped the illegal and usurious interest. Brown put the note beyond the power of Lacy to make any defence against it. He was sued by the bank, and, though he would have had a defence against the note in the hands of Brown, the payee, he had none against it in the hands of the bank. Judgment was obtained against him, and he paid it, as in law he was compelled to do, and having, under legal compulsion, made such payment, it was not voluntary.

It, therefore, follows that Brown could not, by transfer-

ring the note, get the benefit of his illegal and usurious act, and avoid his liability. And it further follows that Lacy has the right to recover from Brown whatever of illegal and usurious interest he paid on said note and judgment.

The demurrer should have been overruled.

The judgment is reversed, with costs. Cause remanded for further proceedings in accordance with this opinion.