Brown v. Lacy.

---

No. 9120.

BROWN v. LACY.

USURY.—*Promissory Note Payable in Bank.—Voluntary Payment.*—The payment of a promissory note, governed by the law merchant, to an innocent holder to whom it had been assigned, is not a voluntary payment, and usurious interest included therein may be recovered of the payee.

SAME.—*Recoupment.*—If usurious interest be included in a series of promissory notes made negotiable by the law merchant, given each in renewal of the preceding one, the accumulated usury of the entire series may be recouped in an action upon the last note, unless prevented by an assignment to an innocent purchaser, in which case it may be recovered of the payee.

SAME.—*Application of Payments.*—If the creditor has more than one overdue demand, he may apply a payment as he shall choose, if the debtor has given no direction, but this right of application does not extend to unjust and unlawful demands, like a claim for usurious interest.

From the Hamilton Circuit Court.

*D. Moss* and *R. R. Stephenson,* for appellant.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellee.

WOODS, J.—This is the second appeal in this case. It was decided upon the former hearing that the payment of a promissory note governed by the law merchant to an innocent holder, to whom it had been endorsed for value before maturity, was not a voluntary payment, and that usurious interest included in such payment might be recovered of the payee of the note. *Lacy* v. *Brown,* 67 Ind. 478.

Upon the second hearing of the case in the court below, the appellee, over answers by the appellant which need not be stated, obtained a judgment. The appellant insists that the court erred in giving and refusing instructions; particularly in the phrase contained in one of the instructions, that "If the notes in which usurious interest, if any, was embraced, were renewed from time to time and the usurious interest carried forward and finally included in one note," which he was compelled to pay to an innocent purchaser, such payment was not voluntary; the instruction refused being ." That if the notes made by the plaintiff to the defendant, except the one in suit, were each in payment and satisfaction of all indebtedness existing at the time of such acceptance, from the plaintiff to the defendant, such payments were voluntary."

The evidence shows that the notes referred to were payable to order or bearer in a bank in this State; and upon this the appellant claims that they each operated as payment of the preceding note, and constituted such voluntary payment as precludes the recovery of the usurious interest included in the payments so made.

While it is settled as the rule in this State that the giving of such notes for a pre-existing indebtedness operates, *prima facie,* as payment, yet it has not been, and, as we conceive, ought not to be, held that usurious interest included in such notes will be deemed to have been paid at each renewal in such manner that it can not be recouped in an action upon the last note, brought by the payee or by any one not an innocent purchaser. By the letter of the statute, recoupment is permitted only " in an action on a contract affected by such usury, * * whenever it has been reserved or paid before the bringing of the suit." R. S. 1881, section 5201. And, if the position of the appellant be conceded, it would follow that the maker of a series of notes given each in payment of the preceding one, when sued by the payee upon the last, could recoup only for the usury embraced in it over and above the amount of the preceding note regarded as free from usury.

On the contrary, as between the immediate parties, the law ought to be, and in such case is, that the last note is tainted with the accumulated usury of the entire series; and if, by a transfer of that note to an innocent endorsee, the maker is deprived of his right of recoupment, he may, by the doctrine of *Lacy* v. *Brown, supra,* recover of the original payee the sum in usury which he has been compelled to pay.

The evidence shows that the appellee had paid a certain sum to the appellant upon the indebtedness in question, and the appellant claims that that sum was applied by him to the usurious interest, and that having been voluntarily paid it can not be recovered. Upon this point the court instructed the jury that if the plaintiff made a payment to the defendant upon a note embracing usurious interest, without anything being said at the time as to how the payment should be applied, the law would apply it first to the lawful interest, and then to the principal sum, rather than to the usurious interest.

The appellant insists that if nothing was said he had the right to and did make an application of the payment to the interest, including that which was usurious.

If the creditor has more than one overdue demand against his debtor, he may doubtless apply any payments made as he may choose, if the creditor gives no direction on the subject; but this right of the creditor does not extend to unjust and unlawful demands, such as claims for usurious interest. So long as there is a just debt to pay, nothing short of the authority of the debtor can warrant the application of a payment to the usurious part of the demand.

That the instruction complained of was right, see 1 Story Eq. Jur., section 459 (*b*); *Caldwell* v. *Wentworth*, 14 N. H. 431; *Bancroft* v. *Dumas*, 21 Vt. 456; *Sellick* v. *Munson*, 2 Aikens, 150; S. C., 16 Am. Dec. 689; *Rohan* v. *Hanson*, 11 Cush. 44.

Judgment affirmed, with costs.