VANDERGRIF v. M. E. SWINNEY et al., Appellants.

Division One, November 12, 1900.

1. **Usury**: RELEASE OF DEED, OF TRUST: PAYMENT: AFFIRMATIVE RELIEF. Usury is a matter of affirmative relief as much as a ground of defense. The maker of a note which has been paid in full, if the usurious payments thereon are counted as part payment, can maintain a suit to have cancelled and released of record the deed of trust securing the payment of the note.

2. **Evidence**: TRANSACTION WITH PARTNERS: DECEASED PARTY. A plaintiff who has a transaction with two partners, one of whom is dead at the time of the trial, is competent to testify about such contract. Both he and the surviving partner, who was present with the other party when the transaction was had, are competent witnesses.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*N. Gibbs* and *Samp. Jennings* for appellants.

(1) Equity does not aid a party to recover back usurious interest. Nelson v. Betts, 21 Mo. App. 234; Kirkpatrick v. Smith, 55 Mo. 389; Ranson v. Hays, 39 Mo. 445. (2) If suit had been brought by W. G. Swinney to collect this note, then, by the statute, Vandergrif could not get credit for any usury, if any, that was paid on the chattel mortgage indebtedness. The only credit which can be obtained for usury is a credit on the "principal debt" upon which such usury was paid. (3) When transactions are had with an agent or with one member of a firm and the agent or contracting member of the firm is dead, then the other party can not

testify as to admissions and declarations of the deceased. Williams v. Edwards, 94 Mo. 451; Nichols v. Jones, 32 Mo. App. 665; Butts v. Phelps, 79 Mo. 303; Stanton v. Ryan, 41 Mo. 514.

*John C. Turk* for respondent.

While it is true that equity does not aid a party to recover back usurious interest when once paid, yet such is not the object of this action. When once usurious interest is exacted on an indebtedness, whether taken as interest, commissions, brokerage, or as payment upon the principal, under the act of April 21, 1891, Laws of 1891, page 170, it is taken and deemed to have been a payment and shall be credited on the principal debt, and in no case shall a party exacting such usurious interest recover judgment for more than the amount due, upon the principal debt, including legal interest, after deducting therefrom all payments of usurious interest, of whatever character, made by the debtor; and it can not be held that in order that the unfortunate debtor, who is by the force of circumstances, oftentimes compelled to submit, temporarily, to the oppressions of the conscienceless money-lender, must needs wait until his oppressor sues him, before he can recover relief under this statute. Having paid the amount, "nominated in the bond," in the way of unlawful interest, commissions or brokerage, under the provisions of this statute, he may, as this respondent has done, file his bill in equity, asking for an accounting and a decree requiring the creditor to enter satisfaction of his mortgage lien upon payment of such sum, if any, as the court may find due and unpaid, and in this proceeding he can literally be said to be pleading usury as a defense in a civil action. Any other construction of this most wholesome statute, for the protection of the ignorant and unfortunate class of society against the greed and rapacity of the

"Shylocks," of our country, would well nigh destroy its power to hold in check the oppression and inhumanity it is leveled against.

ROBINSON, J.—The appeal in this case was originally taken to the St. Louis Court of Appeals. By that court the case has been certified here for the reason that the title to real estate is involved.

The action is one in equity instituted by plaintiff to have released and canceled a deed of trust made by himself, on certain lands named therein to him belonging, to secure a note made payable to one of the defendants herein, upon which note plaintiff alleged full payment and more had been made if all just credits for usurious interest exacted from him thereon is allowed, together with all the other payments made upon the principal obligation.

The specific averments of plaintiff's bill, as to the relation of the different defendants to the note in controversy, and as to the part each played in its procurement and collection, as well as a detailed statement of the account between plaintiff and defendant growing out of various transactions between themselves involving the loan in question, together with other loans and the various payments made thereon, are unnecessary to recite here, as the trial court after a full examination into all the facts, upon the issues as made, has found in favor of plaintiff, and we think properly, if the plaintiff in this character of action was entitled to have the court make the application of usurious interest exacted as a credit on the note secured by the deed of trust that its full discharge might thus be shown. This is the principal controversy of appellants' appeal. This last proposition, appellants deny, and contend that our statute does not authorize a debtor who has paid usury to a creditor, to bring an action

Vol. 158 mo—34

predicated thereon; or to have any relief whatever against his own conduct in so doing, except when he himself is sued; or, to use appellants' exact language, "This statute (section 3709, Revised Statutes 1899) is a shield to be used by a debtor when suit is brought against him, but not a weapon with which to attack his creditor."

While this court has never directly passed upon the question, as now raised and presented by appellant, so far as the writer at present can recall, it has, however, upon divers occasions, affirmed judgment, predicated upon allegations of facts essential in all their general features to the facts in this case, and in so doing, has determined, as a matter of necessity, the right of the debtor to so plead the usurious payments by him made as a discharge, to that extent, of his obligation given, as facts preliminary to the right to have discharged and canceled by the court, the deed of trust given as security for same, as is sought herein. [Schell v. Equitable Loan & Investment Ass'n, 150 Mo. 103.]

This case while not announcing in direct words a construction of the statute antagonistic to that now contended for by appellant, yet upon the action of the court therein without discussion or question, is involved a construction to the contrary since otherwise the relief sought would have been denied upon the ground that the court was wanting in authority, in the character of action before it, to have considered the facts involved. We can not think that it was the intention of the Legislature in the enactment of section 3709, Revised Statutes 1899, to confine the plea of usury to the narrow limits indicated by appellant—"a shield to be used by the debtor when suit is brought against him and not otherwise." The manifest object sought by the act was to prevent usurious exactions, and as a means to accomplish that end, it was provided that usury may be pleaded as a defense in all civil actions in the courts of this State, and upon proof that usurious

interest has been paid, the same, in excess of the legal rate of interest, shall be deemed as payment upon the principal debt and constitute a credit thereon, and all costs of the proceeding shall be taxed against the party guilty of the unlawful exaction.'

Neither the language nor the spirit of the act warrants the restriction of the plea of usury to actions wherein the party of whom usury has been exacted is made a defendant therein, as contended by appellants, but its provisions were intended to apply whenever the question as to the liability of the principal obligations upon which usury has been paid, is drawn in controversy.

The plea is as availing where affirmative relief is asked, by him of whom usury has been exacted (as in the case at bar), as it would be for the same person to affirm its existence when he is sued upon the principal obligation, and a credit to that extent asked in discharge thereof. The statute is that usury may be pleaded, and when usurious interest is found to have been paid, it shall be deemed as a payment to that extent upon the principal debt and credited thereon, in all civil actions instituted in the courts of this State regardless of the question whether the action has been instituted by the party receiving or paying the usurious interest. The language of the section authorizing the pleading of usury as a defense, is broad and general in its terms and nothing is to be found therein suggesting any distinction between actions wherein the debtor as plaintiff pleads the act in aid of relief sought, and those in which as defendant he sets it up by way of defense, and we see no reason why a curtailment of its meaning should be attempted by a process of judicial construction. Appellants' second contention that equity will not aid a party to recover back usurious interest once paid, is equally as untenable as their first contention. As a general proposition appellants' second contention may be considered

as true, but it is totally wanting in application to the facts of the case at bar.   By this proceeding plaintiff is not asking to recover back from defendants usurious interest paid by him to them, but he pleaded such usurious payments made, and asks only that the court compel the application thereof (as provided by section 3709, *supra*) in excess of legal interest, to the payment of his principal obligation, secured by the deed of trust in controversy, and that if said principal obligation is then found to be fully discharged, the deed of trust given to secure same be ordered surrendered for cancellation and discharged of record.   Here it is sought, by the plea of usury set up in plaintiff's bill, simply to have applied, as the statute directs, a payment made upon his outstanding obligation, secured by deed of trust upon real estate, and that the deed of trust given to secure the same may be ordered released.   If the plea of usurious interest paid, as presented in plaintiff's bill, is not permissible as a means of securing its application to that extent to the discharge of the principal obligation secured by the deed of trust in controversy upon the debtor's property, then the statute is practically meaningless in so far as obligations secured by real estate are concerned.   Appellants misconceive the general purpose of plaintiff's proceeding, as they have the scope of the statute involved.   Their second contention is without merit.

The further contention is made by appellants that reversible error was committed against them by the trial court in permitting the plaintiff over their objection to testify regarding a business transaction had with one J. Brock, who, appellants claim, was an agent for the defendant, M. E. Swinney, for the loaning of his money, the said J. Brock being dead at the time of the trial.   The plaintiff's theory of the case was, that said Brock and the defendant M. E. Swinney, the wife of the defendant W. G. Swinney, were partners at Ash Grove, Missouri, engaged in carrying on a loan business under the

firm name and style of Swinney & Brock, and that the note in controversy was given by plaintiff to them in payment of a loan previously made with said firm, and that he did not know the defendant W. G. Swinney in the transaction, and did not know that the note in controversy or either of the other notes, which he signed, and about which testimony was given, was made payable to said W. G. Swinney until long afterwards, as he could not read or write, and supposed that the notes were made payable to the parties with whom he was directly dealing.

Defendants' contention in this respect is not well made for the reason, first, that the rule closing the mouth of the living party to a transaction from testifying when the death of the other party is shown, can not apply here, whether we consider M. E. Swinney and J. Brock as agents for the defendant W. G. Swinney in the loaning of the money that resulted finally in the making by plaintiff of the note in controversy, or whether we consider, as did plaintiff, that the loan was made by them to him upon their own account and for themselves as co-partners. The transaction of borrowing money, testified to by plaintiff, to which objection is made, was, as he says, had with Mr. Brock and Mrs. Swinney, and not with Brock alone. If the transaction had been with Brock alone, whether we consider him as acting for himself, or as the agent of the defendant W. G. Swinney in the matter of loaning the money to plaintiff, the testimony would have been inadmissible upon the clearest principles of law and reason, but as clearly otherwise when the transaction testified about was had with two parties together as co-partners, one of whom is still living. The death of Brock has not silenced the voice of the co-partner Swinney, with whom plaintiff transacted his business, along with said Brock, and unless that is done the law will not close the lips of the other party thereto. Through the mouth of Mrs. Swinney, a defendant in this action, the story of the

transaction between plaintiff and herself and Brock could be and was given.

There was no error committed against appellants on account of plaintiff's testimony in that regard. The judgment of the circuit court will be affirmed. All concur.