[No. 11071. Department One. July 22, 1913.]

D. H. LEE, *Appellant*, v. CLARENCE D. HILLMAN *et al.*,

*Respondents.*[1]

USURY—REMEDIES OF BORROWER—RECOVERY OF USURY PAID. The common law right to recover usurious interest paid in excess of the rate allowed by law is not abrogated by our usury laws, Rem. & Bal. Code, §§ 6251, 6255, prohibiting the taking of interest in excess of twelve per cent per annum, and providing that if a greater rate of interest be contracted for, the contract shall not be void, but in any action on the contract the plaintiff shall recover only the principal less twice the amount of interest paid, and less the amount of all accrued and unpaid interest.

[1]Reported in 133 Pac. 583.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 7, 1912, dismissing an action for usurious interest paid, upon sustaining a demurrer to the complaint. Reversed.

*J. E. McGrew* and *C. A. Norton*, for appellant.

*L. E. Kirkpatrick* and *Raymond G. Wright*, for respondents.

PARKER, J.—The plaintiff seeks recovery from the defendants of the value of certain property which he claims to have surrendered to them in payment of usurious interest upon loans made by them to him. The defendants demurred to the plaintiff's complaint upon the sole ground that it failed to state a cause of action. The demurrer was sustained by the superior court, and the plaintiff electing not to plead further, judgment of dismissal was entered accordingly, from which he has appealed.

The argument of counsel upon both sides of the cause proceeds upon the assumption that the only question here involved is, Does the law recognize the right of one who has paid usurious interest to maintain a civil action as plaintiff to recover any portion of the amount so paid, or does it withhold from him all remedy except that which our statute gives by way of defense in an action brought to recover the principal upon which he has paid such usurious interest? The learned trial court sustained the demurrer to appellant's complaint evidently upon the theory that, our usury statute having provided a remedy to be interposed by way of defense on the part of the debtor, such remedy is exclusive. The sections of Rem. & Bal. Code relied upon by counsel for respondents as sustaining this view provide as follows:

"6251. Any rate of interest not exceeding twelve (12) per centum per annum agreed to in writing by the parties to the contract, shall be legal, and no person shall directly or indirectly take or receive in money, goods or thing in action, or in any other way, any greater interest, sum or

value for the loan or forbearance of any money, goods or thing in action than twelve (12) per centum per annum." (P. C. 263 § 3.)

"6255.  If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest."   (P. C. 263 § 13.)

The decisions of the courts are, at least seemingly, in serious conflict as to the right of one who has paid usurious interest to recover the same by civil action as plaintiff, especially under usury statutes which prescribe a remedy by way of defense to an action prosecuted against the debtor to enforce collection of the principal.  This seeming conflict, we think, however, will to a considerable extent be found to result from the varying language of the statutes of the several states, when the decisions are critically read.  Our statute contains no express provision relating to the right of the payer of usurious interest to maintain such an action, and it is worthy of note that Rem. & Bal. Code, § 6295 (P. C. 267 § 35), gives to such payer the right, by way of defense in the nature of set-off against the principal, not only to have deduction made from the principal of the amount of interest so paid, but also an additional amount equal to the interest so paid, as a penalty.  Thus the statute gives a right and a remedy which is farther reaching in effect than the payer would have under any circumstances in the absence of such provision; for whatever right or remedy under the common law or in equity he has would, of course, not go to the extent of enabling him to recover more than the amount of usurious interest so paid by him; that is, the

right to the penalty awarded to him by this section must, of necessity, find its support in the statute alone. There is but little difficulty in seeing that the prescribed remedy by which the payer is to obtain the benefit of this penalty should be held exclusive, for that is something which is not given to him as a matter of common right, but because the legislative power conceives it to be a wise public policy, looking to the discouragement of usurious interest exactions; while it is manifest that his right to recover the actual amount of usurious interest paid by him, which by the express terms of Rem. & Bal. Code, § 6251 (P. C. 263 § 3), above quoted, would be unlawfully taken from him, may be rested upon that common right possessed by the citizen under the common law and in equity to have restored to him that which has been wrongfully taken from him. In the text of 22 Ency. of Plead. & Prac., at page 482, it is said:

"By the weight of authority the common-law remedy of assumpsit to recover back payments of usury is not abrogated by statutes providing other remedies for the recovery of such payments or for the recovery of penalties and forfeitures; but in some of the states there are decisions to the contrary."

In the case of *Baum v. Thoms*, 150 Ind. 378, 50 N. E. 357, 65 Am. St. 368, in an exhaustive review of this question under a statute not unlike ours, at pages 381, 382, 387, the court said:

"It is next insisted that while usurious interest voluntarily paid may, under section 7046, Burns' R. S. 1894 (5201, Horner's R. S. 1897), be recouped by the debtor in an action on the contract affected by such usury, the same cannot be recovered back in a direct action, and that, therefore, the finding and judgment against appellants for usurious interest paid by appellee was contrary to law.

"Whatever the rule may be in other states it has been uniformly held in this jurisdiction that usurious interest could at common law be recovered back in an action brought for that purpose. *Lacy v. Brown*, 67 Ind. 478, and cases cited. *Musselman v. McElhenny*, 23 Ind. 4, 6, 85 Am. Dec. 445; *Wood v. Kennedy*, 19 Ind. 68; *Smead v. Green*, 5 Ind. 308,

309; *Berry v. Makepeace*, 3 Ind. 154; *State Bank v. Engsminger*, 7 Blackf. 105, 107, and cases cited. See note to *Crawford v. Harvey*, 1 Blackf. (2d ed.), p. 382. See, also, *Palmer v. Lord*, 6 Johns Ch. 95, 100-106; *Wheaton v. Hibbard*, 20 Johns 290, 292, 293, 11 Am. Dec. 284; *Nichols v. Bellows*, 22 Vt. 581, 54 Am. Dec. 85, and note; *Bexar etc. Association v. Robinson*, 78 Tex. 163, 22 Am. St. 36, and note p. 41; *Zeigler v. Scott*, 10 Ga. 389, 54 Am. Dec. 395, and note pp. 400-402; 27 Am. and Eng. Ency. of Law, 959, and cases cited in notes 3 and 4.

"The rule is that the borrower who has paid more than the legal rate of interest is not confined to the remedy given by statute, but may maintain assumpsit at common law to recover back the excess of interest paid, on paying or offering to pay the money lent with lawful interest. . . .

"It is true that section 4 of the act of 1879, being section 7046, Burns' R. S. 1894 (5201, Horner's R. S. 1897), provides that 'When a greater rate of interest than is hereby allowed (eight per cent.) shall be contracted for, the contract shall be void as to the usurious interest contracted for; and in an action on such contract, if it appear that interest at a higher rate than eight per cent. has been directly or indirectly contracted for, the excess of interest over six per cent, shall be deemed usurious and illegal, and in an action on a contract affected by such usury, the excess over the legal interest may be recouped by the debtor, whenever it has been reserved or paid before the bringing of the suit.' But as we have shown, the borrower is not confined to the remedy given by statute, but may resort to the remedy given by the common law. *State Bank v. Ensminger, supra; Smead v. Green, supra; Lacy v. Brown, supra; Palmer v. Lord, supra; Wheaton v. Hibbard, supra.*

"The payment of usurious interest is not a voluntary payment in such sense as to entitle the receiver to retain the amount paid above legal interest, but such payment is regarded as under the constraint of a formal, though illegal contract, obtained by taking advantage of the necessities of the borrower, and therefore excepted from the ordinary rule that one voluntarily paying money on an illegal claim cannot maintain an action to recover such payment. *Wheaton v. Hibbard, supra; Schroeppel v. Corning*, 5 Denio 236; *Peterborough Savings Bank v. Hodgdon*, 62 N. H. 300; *Willie v.*

*Green,* 2 N. H. 333; *Caughman v. Drafts,* 1 Rich. Eq. 414; *Fay v. Lovejoy,* 20 Wis. 403; *Wood v. Lath,* 13 Wis. 84; *First National Bank of Milwaukee v. Plankinton,* 27 Wis. 177, 9 Am. Rep. 453; *Grow v. Albee,* 19 Vt. 540; *Williams v. Wilder,* 37 Vt. 613; *Scott v. Leary,* 34 Md. 389; *Philanthropic Building Assn. v. McKnight,* 35 Pa. St. 470; *Thomas v. Shoemaker,* 6 W. & S. (Pa.) 179-183. Note to *Ziegler v. Scott,* 54 Am. Dec. 400-402. Note to *Bexar etc. Association v. Robinson,* 22 Am. St. 41. Note to *Davis v. Garr,* 55 Am. Dec. 398-400; 2 Ency. Plead. and Prac., pp. 1019, 1020, and note on usury.

"It follows, therefore, that in the absence of a statute expressly prohibiting it, usurious interest, which has been paid by a debtor, may be recovered in a direct action, or in any action brought by the person receiving such usurious interest, on a contract express or implied against such debtor. Since the repeal of the amending act of 1865, *supra,* by the act of 1879, *supra,* there has been no statute in this state prohibiting the recovery of usurious interest paid by a debtor."

The statutory remedy there available was similar to ours, though it did not provide for the deduction from the principal of any sum in addition to the usurious interest paid, as a penalty. In the early case of *Wood v. Lake,* 13 Wis. 94, 106, decided by the supreme court of that state in 1860, that learned court made pertinent observations along similar lines, as follows:

"There is another question raised upon this portion of the answer, which was argued at the bar, and which we are called upon to determine. By the law as it stood when the note and mortgage upon which this suit is brought, were executed, the taking or agreeing to take illegal interest did not render the contract void. It was good to secure the repayment of the principal sum loaned, but no interest whatever could be recovered upon it. Chapter 55, Laws of 1856. The answer alleges the payment by the defendant to the plaintiff, of the sum of $60, as interest upon the sum of money mentioned in and secured by the note and mortgage, over and above the highest rate fixed by law; and in addition to setting up such usurious agreement and the payment of the extra interest in pursuance thereof, as a general defense to the action, or for

the purpose of preventing a recovery of anything more than the sum of money actually loaned, the defendant insists that the $60 shall be allowed to him and deducted from the amount of the principal sum loaned, by way of set-off or counter-claim, and that the plaintiff is only entitled to a judgment for the balance which shall remain after such deduction. After a full examination of the authorities on the subject, we are of the opinion that the position of the defendant's counsel is correct, and that if final judgment should be rendered upon the demurrer, or if upon a trial of the merits, it should be found that the allegations of the answer are true in this respect, the deduction should be made, and that the plaintiff's measure of damages would be the residue of the principal sum loaned, after the money thus paid has been taken out. A remarkable unanimity of opinion upon this question seems to have prevailed among the courts of Great Britain and those of the several states of the Union where laws against usury, properly so called, have existed. It has been universally held, where statutes forbid the taking of excessive interest, and punish a violation of their provisions by the infliction of fines, penalties or forfeitures upon the person who takes it, that the person who pays the same may, independently of the remedies afforded by the statutes, maintain an action for money had and received, at the common law, to recover back the money so paid. In such cases, both parties are not understood to be *in pari delicto*, so as to preclude a recovery by either. Upon this subject, Mr. Comyn, in his Law of Usury, page 211, says: 'And with regard to parties becoming *participes criminis*, the following distinction is laid down, viz.: Between the prohibition of statutes made to protect the weak or necessitous from being overreached or oppressed, and the prohibitions of statutes enacted upon general reasons of policy and public expediency; in the latter case, all parties are equally criminal; in the former the oppressor is alone within the pale of the law.' The penalties of the law are all aimed at the lender and none at the borrower; and it appears to be clearly within the intent and meaning of the legislature, if not their words, that he shall not be permitted to retain or profit by money or property thus unlawfully acquired. The provisions of the law of this state (sec. 3, chap. 172, Laws of 1851), by which every person paying a greater sum for the loan or forbearance of money than that allowed by law,

might, if his action was brought within one year after such payment, recover treble the sum so paid, confirms this view. It shows that the legislature did not intend that the receiver should retain the money thus obtained, and that they did not consider both parties equally at fault. Otherwise they would not have permitted the borrower to recover back three times the amount and thus speculate out of the attempted extortions of the lender. But if the borrower chooses, by not bringing his action within one year, to waive his right to a treble recovery, he may do so and still retain the right to maintain an action for money had and received, to recover back the excess actually paid, at any time within the period prescribed by the statutes of limitations. For the remedy given by the statute is cumulative and not exclusive, as has frequently been decided in other states where similar statutory remedies have been given."

In that case, it is true, the interest was sought to be recovered by way of set-off or counterclaim. It, notwithstanding, involved in part the recovery of interest actually paid, and the court apparently viewed it in that light. The following authorities also lend support to these views, having reference to remedies in addition to the prescribed statutory remedy as well as the right to recover in the absence of any prescribed statutory remedy: *Porter v. Mount*, 41 Barb. 561; *Threadgill v. Timberlake*, 2 Head 395 (39 Tenn. 223); *Vandergrif v. Swinney*, 158 Mo. 527, 59 S. W. 71, 81 Am. St. 325.

This view of the right to recover is opposed by other decisions, of which probably that of *Blain v. Willson*, 32 Neb. 302, 49 N. W. 224, may be regarded as the leading case. We are of the opinion, however, that the better rule is that adhered to by the authorities we have noticed. In 39 Cyc. 1030, numerous authorities are collected bearing upon the question.

Counsel for respondent remind us that usury is condemned by statute law only, and that, in the absence of statute making unlawful the charging and receiving of interest above a given rate, it would be lawful to contract for any rate. It

may be conceded that this is a correct view of the law as at present existing in this country. 39 Cyc. 890. Counsel for respondent argue that it must necessarily follow that there can be no such thing as a common law right to recover usurious interest paid by the debtor. It may be conceded that there is a sense in which there is no such *right* in the absence of statute, since whatever right the debtor has must necessarily rest primarily upon the statute which makes the exaction of such payment from him unlawful. We think, however, that it does not follow that the debtor who has been thus unlawfully deprived of money or property may not recover such money or property by a common law *remedy*, and that, of course, under our system means by the ordinary civil action which we have substituted for the common law remedy. While the *right* here involved rests primarily upon our usury statute and would not exist in the absence of such statute, we think an ordinary civil action, that being our substitute for the common law remedy, furnishes a remedy available to the debtor to recover the money or property unlawfully taken from him in payment of usurious interest. We are unable to see that a debtor having money or property thus unlawfully taken from him is in any different situation, so far as his right to have the same restored is concerned, than if it were taken from him in some other unlawful manner. Nor can we see that his right to restoration is any different because the taking is made unlawful by statute instead of by the common law. In the text of 2 Ency. Plead. & Prac., 1018, under the head of assumpsit, it is said:

"The count for money had and received is sustainable where money has been paid by mistake, or upon a consideration which happens to fail; or for money obtained through imposition, extortion, or oppression, or an undue advantage taken of the plaintiff's situation, contrary to the laws made for the protection of persons under those circumstances."

We are of the opinion that, at least in so far as money or property is exacted in payment of interest above the highest

rate permitted by our usury statute, the same may be recovered by the payer thereof in a civil action prosecuted by him as plaintiff. It follows that appellant's complaint states a good cause of action as against the general demurrer. The question of appellant's right to recover in this action more than the excess so paid by him above the highest rate allowed by our usury statute is not presented in the briefs of counsel, so we leave that question for future examination.

The judgment is reversed, with directions to overrule respondent's demurrer to the complaint, and for further proceedings not inconsistent with the views herein expressed.

MORRIS, CHADWICK, GOSE, and MOUNT, JJ., concur.