ATWOOD et ux. v. DEMING INV. CO. et al.
No. 6374. *

Circuit Court of Appeals, Fifth Circuit.
Jan. 13, 1932.

A. R. Stout, of Ennis, Tex., and Jack F. Hyman, of Dallas, Tex., for appellants.

W. M. Bates, of Dallas, Tex., and Earl Bohannon, of Oswego, Kan., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants on December 22, 1930, brought this suit in the state court of Dallas county, Tex., alleging that on February 1, 1922, the defendant investment company loaned them $47,000; the contract of loan being evidenced by promissory notes for principal and interest, and deeds of trust upon certain land; that the notes and land were fully described in deeds of trust (A) and (B) attached and

*Rehearing denied March 5, 1932.

made a part of the pleadings; that these contracts make provision permitting the holders of the notes to exact from plaintiffs compensation for the detention of the money loaned at a rate in excess of 10 per cent. per annum, and they are therefore, as to the interest provided for, void. Plaintiffs further alleged that since February 1, 1922, payments have been made in the aggregate sum of $32,541.83 reducing the principal until there remains a balance due on the loan of only $14,458.17, which amount plaintiffs tender in satisfaction and discharge of it; that the deeds of trust constitute a cloud upon plaintiffs' title, and they pray for an order canceling them and removing the cloud.

The deed of trust, Exhibit A, secured notes aggregating $76,500; of these there was one principal note for $45,000 due February 1, 1932, and ten interest notes of $3,150 each, one due February 1, 1923, and one each year thereafter. The deed of trust described the amounts above referred to as follows: One note for $45,000 due February 1, 1932, together with interest from February 1, 1922, until maturity at the rate of 7 per cent. per annum, payable in annual installments on the 1st day of February in each year thereafter, according to the tenor and effect of ten interest notes of even date thereto attached, principal and interest not paid when due bearing interest from date due at the rate of 10 per cent. per annum. It contained a clause accelerating the maturity of the whole debt in the event either of default in the payment of the notes or of any installment of interest, or in the performance of any of the covenants, agreements, terms, or conditions of the instrument, or of the imposition by the state of any tax upon the mortgage, or upon the judgment of a court finding illegal or inoperative the agreement of the borrower to pay the taxes assessed upon the property, or the instrument of indebtedness. This clause provided: "The whole sum of money herein secured and all interest thereon to the date of payment thereof to be computed at ten per cent. per annum from the date of the exercise of the option herein, may at the option of the holder of the note hereby secured, and without notice, be declared due and payable at once, and on application of the holder of the note the trustee may sell the property." The instrument further provided that "from the proceeds of the sale he shall pay (1) * * * (2) the debt and all sums of money due or to become due hereunder with interest as agreed." The deed of trust, Exhibit B, described the indebtedness secured by it as follows: To secure the payment of five promissory notes aggregating $6,740.00; note 1 for $2,060, due February 1, 1923; (2) $1,980 due February 1, 1924; (3) $900 due February 1, 1925; (4) $900 due February 1, 1926, $900 due February 1, 1927—each of said notes bearing interest after maturity at the rate of 10 per cent. per annum. The instrument further provided, after stating that the Deming Investment Company was merely acting as agent to negotiate a loan for the borrowers, that its lien was subordinate to the first deed of trust, Exhibit A, and "the notes secured by this deed of trust represent the earned commission which the party of the first part agrees to pay for the negotiation of said loan." This deed of trust contained a clause for the acceleration of maturity upon the same happenings as in the first deed of trust. It provided that upon the happening of any of the contingencies "the whole sum of money herein secured may at the option of the holder of the notes and without notice, be declared due and payable at once, and this mortgage may thereupon be foreclosed immediately for the whole sum of money, interest and costs" and the trustee may at once sell the property, "applying the proceeds (1) * * * (2) * * * (3) to the payment and satisfaction of all sums herein secured."

The cause having been removed to the federal court, a motion to dismiss was filed. The motion had three grounds: (1) The general one that the facts stated presented no cause of equitable cognizance. (2) The specific point that the petition was insufficient in equity, which it made by setting out four grounds (a) the suit was premature, the principal debt not being due until February 1, 1932; (b) the contract set out in the petition does not provide for usurious interest; (c) the petition is without equity, because the second deed of trust which it sets out as part of the contract making usury shows on its face that the notes therein referred to were part principal and part commission notes, and represented no interest at all; (d) the tender of plaintiffs was insufficient because not an actual tender, and because the sum of money referred to as tendered was less than the real amount due. The third ground of the motion presents the point that there is no equity in the claim to offset the payments against the principal, because there is no statute in Texas so authorizing. The District Judge without opinion dismissed the bill. The case is here on appeal from the judgment.

Brief as its allegations are, the petition presents fully enough, as against the motion

to dismiss, the contention that the notes secured by the second deed of trust were interest notes, and not payments of commission, and the great contention that because of the clause in each, particularly in the first deed of trust, accelerating the maturity of the interest notes, thus making the whole sum, not only the principal, but the interest to maturity, thereupon bear interest at 10 per cent., the contract was usurious; that in short appellees, having exacted from appellants not only principal notes themselves providing for interest after maturity at 10 per cent., but interest notes payable annually and providing for interest after maturity at 10 per cent., had by writing into the contract a clause effecting acceleration of payment in the event of default stipulated for interest for the detention of the actual money loaned far in excess of the 10 per cent. allowed by law.

It is appellants' position that under the statutes of Texas, art. 5071 R. S. 1925,[1] construed in Shropshire v. Commerce Farm Credit Co. (Tex. Sup.) 30 S.W.(2d) 282, Id. (Tex. Sup.) 39 S.W.(2d) 11, Deming Investment Co. v. Giddens (Tex. Sup.) 30 S.W.(2d) 287, also Bothwell v. Farmers' & Merchants' State Bank & Trust Co. (Tex. Sup.) 30 S.W.(2d) 289, this provision for a greater rate of interest than 10 per cent. avoids the agreement to pay interest, and permits only the principal sum to be recovered.

Appellees vigorously contest the authority of these cases. They urge that their holding is not in accord with the weight of authority; that these decisions violate a rule of property established by earlier ones; that they are not in point, for that the clauses in question here reasonably construed do not accrue the interest notes, do not provide for the payment of interest on unearned interest, and finally, they say that, if there was at any time potential usury in the contract, that is, if the contract did provide for the payment of 10 per cent. interest on interest unearned, this provision could operate to make the contract usurious only if the accelerated maturity was brought about when the interest then accrued by the acceleration amounted to more than 10 per cent. for the time the loan had then run; that, when this suit was filed, if every payment which plaintiffs claim

[1] Article 5071, R. S. 1925: "The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten cent per annum on the amount of the contract; and all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

was an interest payment were credited to that account, still the interest paid for the time the loan had run was less than 10 per cent.; that the facts of neither the Shropshire nor the Deming Case are in point with this, for there the maturity occurred at a time when, applying the principle laid down in those decisions, the borrower had paid for the use of the money more than 10 per cent.

We are not concerned with determining whether the construction given by the Supreme Court of the State of Texas to the terms of its statute is in or out of accord with the construction given to the same or similar statutes elsewhere. What is involved here is the construction of the Texas statute declaring the policy of that state toward agreements for illegal interest. For us the statute has the meaning which its highest court has given it. We follow where that court has led.

Further, we do not find the construction placed by its Supreme Court upon the Texas statute, that it prohibits contracts which provide upon a contingency for an unlawful rate, at all strained. When the language used in the statute is considered in the light of the mischief which it was enacted to avoid, the exaction under the authority of a written agreement of interest in excess of 10 per cent., we think the conclusion follows easily that a stipulation which permits usurious interest to be exacted after default is as clearly within the prohibition as one which permits it before. The courts of Texas have always struck such contracts down, and neither sophistry of form nor of substance has availed to save them. The reasons for this the Supreme Court of Texas in the cases referred to has fully set out. We shall not attempt a restatement here; a reference to those cases will suffice.

With appellants' contention that the accelerating clauses in these deeds of trust are different from those in the invoked cases, that they do not permit of the view that thereby the interest coupon notes as well as the principal notes are matured and commence to draw interest, we cannot at all agree. We think it perfectly plain that their provisions are the same as those construed in the cited cases. In addition we think that, construed by themselves, and apart from those cases, they not only permit of the construction that both the principal and all interest notes are matured, they compel it. The language used, "the whole sum of money," in view of the form which the loan had taken, a principal note for $45,000 and interest notes for $31,500 in the first deed of trust, a principal note

for $2,000 and interest or commission notes of $4,740 in the second deed of trust, can mean only one thing, the total amount stipulated for in the notes which the deeds of trust secured. Besides, the deeds of trust put it beyond question, by double provision, that the lender would become entitled in the event not only of default in payment which might be within the power of the borrower to prevent, but in default of other things over which the borrower had no control, to exact from him interest on interest. They specifically fixed payment dates of both principal and interest notes and provided for interest at 10 per cent. per annum on each of these notes after maturity. The accelerating clauses make the same provision by declaring that the whole sum of money therein secured, the aggregate of the principal and interest notes, may at the option of the holder be declared due and payable, and that thereafter all interest on that sum is to be computed at 10 per cent. per annum.

■ The last contention of defendants that, though the contract does express the intention to exact usury upon default, its taint has been purged away by the passage of time, which has taken from it its potentialities for usury, will not do. Texas has a statute which exacts double penalty for usurious interest actually received. This statute is discussed and applied in the Shropshire Case (Tex. Sup.) 39 S.W.(2d) 11, 14. Compare Benson v. First Trust & Savings Bank (Fla.) 134 So. 493, where the statutes of Florida providing different penalties for, the provision for, and the exaction of, usurious interest are discussed. It is not the exacting or the receiving of usurious interest, but the intention to receive it, manifested by providing directly or indirectly for it, which the section of the statute under consideration here denounces. The language of the statute, that such contracts shall be void as to interest, is imperative and absolute, not prospective and conditional. It provides, not that the contract will, but that it shall, be void and of no effect as to interest. Such a statutory interdiction sweeps the provision for interest out of the contract, and leaves it as though it did not stipulate for interest. Shropshire v. Commerce Farm Credit Co., Deming v. Giddens, Bothwell v. Farmers' & Merchants' State Bank & Trust Co., Benson v. First Trust & Savings Bank, supra, McCormick v. Fallier (Ala. Sup.) 134 So. 471.

"The cases hold the true rule to be this: Was it the purpose of the lender to get more than the lawful rate of interest, and was there any contingency by which he might do so?

If there was, the transaction is usurious. * * * But the question of usury does not depend upon the question whether the lender actually gets more than the legal rate of interest or not. * * * It depends upon whether there was a purpose in the mind of the lender to take more than legal interest for the use of money, and whether, by the terms of the transaction, and the means used to effect the loan, he may, by its enforcement, be enabled to get more than the legal rate." Miller v. Life Ins. Co., 118 N. C. 612, 24 S. E. 484, 485, 487, 54 Am. St. Rep. 741.

The point labored by appellees that, since, because of the time elapsed without default since the lending of the money, it is no longer possible to exact usurious interest, the consequences which the statute attributes to the usurious stipulation no longer follow from it, was considered and rejected by the Supreme Court of Texas in the Shropshire Case, 30 S.W.(2d) 282, 283: "It appears that the single question for our determination is whether a contract is usurious under the Constitution and statutes in Texas, which provides for the payment of a higher rate of interest than 10 per cent. per annum, at the creditor's option, on no other condition than the default of the debtor in discharging annual installments of interest. Regardless of results in the event the debtor should discharge every promised annual installment of interest at or before maturity, it is too plain for dispute that this contract, on the face of the writings, entitles the creditor, at its option, on failure of the debtor to discharge certain annual installments of interest, to enforce collection from the debtor of a sum amounting to more than the $4,200 loaned with interest thereon for the term of the loan at the rate of 10 per cent. per annum. This results from the stipulations of the writings whereby such failure, at the creditor's election, shortens the term of the loan and increases the amount of the debtor's obligation."

■ There is no greater merit in the proposition that, because under the plaintiffs' own theory, the principal of the loan was collectible and more than a year must run before it was due and payable, the suit was prematurely brought.

■ Under the settled law of Texas all payments on account of interest made on a contract void as to interest because of usury are by law credited on the principal. Yonack v. Emery (Tex. Com. App.) 13 S.W.(2d) 667; Vandergrif v. Swinney, 158 Mo. 527, 59 S. W. 71, 81 Am. St. Rep. 325; Smith v. Glanton,

39 Tex. 366, 19 Am. Rep. 31; Ware v. Bennett, 18 Tex. 795.

"The law is that each payment made upon a contract affected with usury is a payment upon the principal, applied by the law, notwithstanding it was paid and received as payment of interest. This is not a question of recovering back usurious interest paid, but it is the application of the payment of such interest to the principal of the debt." International Bldg. & Loan Ass'n v. Biering, 86 Tex. 476, 25 S. W. 622, 623, 26 S. W. 39.

Plaintiffs stated their account with defendants in accordance with this settled law, and in their pleadings tendered the balance remaining due. It was not necessary for them, until required by order, to actually pay any money in. It was sufficient to tender the amount which they believe to be still due. If, as defendants contend, the payments on the notes secured by the second deed of trust which plaintiffs claim were interest payments were in fact not such, but commission payments lawfully charged, and plaintiffs' tender is short of the required sum, defendants would be protected by conditioning plaintiffs' relief upon their paying the full sum due. On the allegations of their pleadings, however, they stand in court with a claim to equitable relief, asserting a real cloud, the existence and assertion of a lien for a sum, including principal and interest notes, of more than $50,000, when, as they allege, because of usurious provisions, there is due against their land less than one-third of that sum. This cloud plaintiffs are entitled to be relieved against. Colquitt v. Roxana (C. C. A.) 49 F.(2d) 1025.

In sustaining the motion to dismiss, the trial court erred. The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.