### CITY OF LUBBOCK v. MAGNOLIA PETROLEUM CO. et al.   (No. 2761.)*

(Court of Civil Appeals of Texas. Amarillo. Feb. 16, 1927. Rehearing Denied March 2, 1927.)

1. **Municipal corporations** ⬅⟶592(2) — Ordinance levying occupation tax on gasoline held void (Const. art. 11, § 5, as amended in 1911 [see Laws 1911, p. 284]; Rev. St. 1925, art. 7078; Acts 38th Leg. [1923] 2d Called Sess. c. 45, amending Rev. St. 1911, art. 7383; Const. art. 8, § 1; Rev. St. 1925, art. 1015, § 35, and art. 1177).

Ordinance of city operating under Const. art. 11, § 5, as amended in 1911 (see Laws 1911, p. 284), levying occupation tax of one-half of 1 per cent. on gasoline, though within charter powers, *held* void as violating Rev. St. 1925, art. 7078, prohibiting city tax on occupations taxed "in this chapter," which is part of title 122, c. 2, relating to "taxes based upon gross receipts," and properly contains 1923 gasoline tax measure (Acts 38th Leg. [1923] 2d Called Sess. c. 45), amending Rev. St. 1911, art. 7383, notwithstanding Const. art. 8, § 1; Rev. St. 1925, art. 1015, § 35, and article 1177.

2. **Statutes** ⬅⟶231—Courts cannot limit effect of any article of Revised Statutes 1925 by construction of session law, where it originated (Rev. St. 1925, final tit. § 22).

Under provisions of final title of Rev. St. 1925 and section 22, providing for construction of statutes as act of Legislature, courts are without authority to limit effect of any article contained therein by reference to or construction of session law, where it originated, especially where law as set out in Revised Statutes is unambiguous, in view of caption and enacting clause of Revised Statutes.

3. **Municipal corporations** ⬅⟶111(9) — Ordinance within charter powers, but violating statute prohibiting tax on certain occupations, held not validated by statute validating city charters (Const. art. 11, § 5, as amended in 1911 [see Laws 1911, p. 284]; Rev. St. 1925, art. 7078; Acts 39th Leg. [1925] c. 50; Vernon's Ann. Civ. St. 1925, art. 1174a).

Ordinance within charter powers of city under Const. art. 11, § 5, as amended in 1911 (see Laws 1911, p. 284), but violating Rev. St. 1925, art. 7078, prohibiting city tax on certain occupations, was not validated by Acts 39th Leg. (1925) c. 50, validating city charters theretofore adopted under Acts 33d Leg. (1913) c. 147, since such act is not part of Revised Stat-

---

utes 1925, though it was incorporated in Vernon's Ann. Civ. St. 1925, as article 1174a went into effect before Revised Statutes, and was intended to validate charter requirements which had not been met.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by the Magnolia Petroleum Company and others against the City of Lubbock. Judgment for plaintiffs, and defendant appeals. Affirmed.

Bean & Klett and Robt. H. Bean, all of Lubbock, for appellant.

Bledsoe & Crenshaw, of Lubbock, for appellees.

HALL, C. J. This appeal is from an order of the district judge of Lubbock county granting a permanent injunction against appellant's collection of an occupation tax of one-half of 1 per cent. per gallon on gasoline.

Magnolia Petroleum Company and two other oil companies, as plaintiffs, applied for an injunction against the city, alleging that the city of Lubbock was a municipal corporation, chartered under the provisions of section 5, article 11, of the state Constitution, and the enabling act passed pursuant thereto by the Legislature; that said city had attempted, by an ordinance, to levy against all persons selling within the city any gasoline, either at wholesale or retail, a tax of one-half of 1 per cent. per gallon on sales so made. The ordinance further provides that such dealers shall make monthly reports, and that a penalty of from $10 to $100 per day shall be assessed against all persons subject to the tax and who shall fail to keep the records required by the ordinance, or to make the reports or pay the taxes therein provided.

The plaintiffs allege that they were engaged in selling gasoline at wholesale and retail in said city, and had incurred great expense in acquiring real estate, building storage tanks, and equipping themselves to carry on said business; that the special charter of the city provided that it should have the power to enact ordinances on any and all subjects, provided that no ordinance should be enacted inconsistent with the provisions of the charter or of the Constitution of the state; that the charter further provided that it would be the duty of the governing authority of the city to levy such ad valorem or occupation taxes as might be necessary to defray the expenses of the city government for the current year; and that there should be levied and collected from each person, etc., of the city, pursuing any of the occupations taxed by the state of Texas, an annual occupation tax equal to one-half of the occupation tax levied by the state. The charter further provides that all powers vested in cities exceeding 1,000 population, by the provisions of title 122, or other provisions of the Revised Statutes, were retained and held cumulative of the powers vested by the charter, and that the enumeration of the powers made in the charter should not be construed to prevent the city from exercising all powers incident to its local government, nor from doing any and all things not inhibited by the Constitution and laws of the state.

It is further alleged that the charter was adopted, registered in the office of the secretary of state and in the office of the city secretary of Lubbock, as required by law; that said city, purporting to act under and by authority of its charter provisions, passed the ordinance referred to. It is alleged that the ordinance is unconstitutional and invalid, and was beyond the authority and power of the city, and in direct contravention and conflict with the provisions of article 7078 of Revised Civil Statutes 1925, by the terms of which the Legislature expressly withheld from counties and cities the right to impose an occupation tax on persons engaged in the sale of gasoline; that the special charter provisions, purporting to grant the city the right to levy an occupation tax equal to one-half of that levied by the state, is limited by the provision of section 5, article 11, of the state Constitution, prohibiting cities chartered thereunder from passing any ordinances inconsistent with the general laws passed by the Legislature of the state; that, in the event the ordinances should be held to be valid, the amount of taxes due and payable by each of the plaintiffs would exceed the sum of $10 per day; and that, under the terms and provisions of the ordinance, each of the appellees would be penalized for failure to make and keep reports, or to pay the tax provided therein, subjecting each of them to a combined penalty of from $20 to $200 per day; that such penalties are so grossly excessive as to amount to a confiscation of their property, and is violative of section 13, article 1, of the Constitution, forbidding excessive fines.

It is further alleged that the city was threatening to enforce the ordinance which would result in a multiplicity of suits. The imposition of the tax, casting a cloud upon the title to their real property, would impose great and excessive burden upon their business, and practically destroy their business in said city.

Upon the hearing it was agreed between the parties that there was no issuable fact to be proven; that the petition truly stated the facts; and that there was no question for the court except one of law arising upon the pleadings, that question being whether the ordinance was valid and enforceable. After hearing the pleadings and arguments, the court overruled the general demurrer of the appellant, and, under the agreement stated, entered judgment granting the injunction.

Under the stipulations of counsel that the petition truly stated the facts, the judgment of the court might be affirmed upon the allegations in the petition that penalties provided by the ordinance were so grossly excessive as to amount to a confiscation of the plaintiffs' property, and the further allegation that the excessive burdens imposed upon their business would destroy it. While we have concluded that the judgment granting the injunction should be affirmed upon the questions urged in the brief, we will not base the affirmance upon the stipulations and the effect of it, but will discuss the contentions presented in the excellent briefs filed by the parties.

[1] The first proposition urged by the city is that the fact that the codifiers, in compiling the 1925 statutes, placed the 1923 gasoline tax measure (2d C. S. p. 98, amending article 7383 of R. S. 1911, c. 2, title 126) in R. S. 1925, c. 2, title 122, relating to "taxes based upon gross receipts," did not evince an intention on the part of the Legislature to make article 7390 of the 1911 Revised Statutes (now article 7078 of the 1925 statutes) applicable to the 1923 act, in the absence of language showing such intention. The language of article 7078 (7390, R. S. 1911) is as follows:

"*Tax in addition to all other taxes.*—Except as herein stated all taxes levied by this chapter shall be in addition to all other taxes now levied by law; provided, that nothing herein shall be construed as authorizing any county or city to levy an occupation tax on the occupation and business taxed by this chapter."

Lubbock is a city operating under the 1911 amendment (see Laws 1911, p. 284) to section 5, art. 11, of the state Constitution, which, in so far as it relates to the contentions here, is as follows:

"Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the state, or of the general laws enacted by the Legislature of this state; said cities may levy, assess and collect such taxes as may be authorized by law or by their charters; but no tax for any purpose shall ever be lawful for any one year, which shall exceed two and one-half per cent. of the taxable property of such city."

The section further provides that the city shall create no debt, unless at the same time provision be made to assess and collect annually a sum sufficient to pay the interest and sinking fund, etc.

[2] Appellant's first contention under this proposition is that because this article of the Constitution says that cities may levy, assess, and collect such taxes as may be authorized by law, or by their charters, that because the charter voted by the people of Lubbock provides for the levy of the tax in question, the court erred in granting the injunction. On the other hand, the appellees insist that, because article 7078, Revised Statutes 1925, provides "that nothing herein shall be construed as authorizing any county or city to levy an occupation tax on the occupation and business taxed by this chapter," the right to levy the tax, although within its charter powers, is in conflict with the general statutes, and is therefore void. In this connection it is further insisted that, under the provisions of the final title of the Revised Statutes of 1925, the said statutes as a whole are to be construed as "an act of the Legislature," and that the courts are without authority to limit the effect of any article therein contained by reference to or construction of the session law, where such article may have originated, particularly where the law as now set out in the Revised Statutes is plain and unambiguous. We think this contention is sound. The title page of the first volume of the Revised Statutes of 1925 denominates the Code as the "Revised Civil Statutes of the state of Texas, adopted at the regular session of the Thirty-Ninth Legislature," and it appears that the statutes as a whole constitute, according to the caption and enacting clause—

"A bill to be entitled 'an act to adopt and establish the "Revised Civil Statutes of the state' of Texas."'

"Whereas, it is expedient that the General Civil Statutes of this state should be arranged in appropriate titles, chapters and articles, and that the whole should, as far as practicable, be made concise, clear and consistent; therefore,

"Section 1. Be it enacted by the Legislature of the state of Texas, that the following titles, chapters, subdivisions and articles shall hereafter constitute the Revised Civil Statutes of the state of Texas."

This contention is further sustained by section 22 of the final title, which is as follows:

"That these Revised Statutes, when adopted, shall be construed to be an act of the Legislature."

This seems to be the view of Judge Cureton as announced in American Indemnity Insurance Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019, in which he says:

"To say that the citizen, in order to know the law by which his rights are to be determined, must go through the many volumes of session laws enacted by nearly forty different Legislatures, and examine the original acts, including the captions and repealing acts and clauses, is not to be seriously considered, * * * and yet, unless the Revised Statutes constitute the law—are the law—citizens and courts alike will

be compelled to seek it in the session acts of the Legislature.

"But the Revised Statutes, as we have.seen, are the law, and are to be looked to with safety and confidence by the citizens; nor need one, under the rules of construction shown in the authorities cited, look into the original acts except to explain ambiguities in the Code."

Chapter 2 of title 122, of which article 7078 is a part, includes provisions for taxes levied by the state on gross receipts of companies engaged in the various lines of business specified therein. The declaration in that article is clear and specific to the effect that the city cannot levy an occupation tax on any of the lines of business set out in that chapter, and, while the amendment to article 11, section 5, of said Constitution, commonly known as the "home rule amendment," grants cities the right to levy and collect such taxes as may be authorized by law or their charters, it also declares that such cities must adopt their charters subject to such limitations as may be prescribed by the Legislature, and that no charter or any ordinance passed thereunder shall contain any provision inconsistent with the Constitution of the state, or of the general laws enacted by the Legislature. It is clear that the ordinance in question violates this article of the statute, but appellant insists that its contention is supported by the following cases: Railway Co. v. Hill & Morris, 97 Tex. 506, 80 S. W. 368; Insurance Co. v. Walker, 94 Tex. 473, 61 S. W. 711; Harris Co. v. Hammond (Tex. Civ. App.) 203 S. W. 445. These cases arose under the Revised Statutes of 1911 and the several acts therein discussed, and, applied to their facts, show that they have no bearing on the issues here presented. Judge Cureton distinguishes some of them from the Indemnity Insurance Co. Case, and, while that case also arose under Revised Statutes 1911, nevertheless the principles announced apply more forceably to the case at bar, for the reason that the final title of Revised Statutes 1911, § 16, provided as follows:

"That the provisions of the Revised Statutes, so far as they are substantially the same as the statutes of this state in force at the time when the Revised Statutes shall go into effect, or of the common law in force * * * at said time, shall be construed as continuations thereof, and not as new enactments of the same."

This section of the final title gave rise to much litigation and much confusion which the Indemnity Insurance Co. Case settles in accordance with the contentions of appellee with reference to the effect of article 7078 upon the right of appellant to enact and enforce the ordinance in question.

The provision contained in the Constitution (article 8, § 1), "that the occupation tax levied by any county, city, or town, for any year on persons or corporations pursuing any profession or business, shall not exceed onehalf of the tax levied by the state for the same period on any such profession or business," was held by Judge Brown, in State v. G. H. & S. A. Ry. Co., 100 Tex. 153, 97 S. W. 71, not to authorize counties, cities, and towns to levy 50 per cent. of the state tax upon occupations. although article 427, Revised Statutes 1895 (then in force), empowered cities and towns to tax all "trades, professions, occupations, and callings, the taxing of which is not prohibited by the Constitution of this state."

The Gasoline Tax Act of 1923 was by the codifiers properly incorporated in chapter 2 of title 122 of Revised Statutes 1925, because it levies a tax upon gross receipts, and therefore the holding in Harris County v. Hammond (Tex. Civ. App.) 203 S. W. 445, does not apply.

[3] Appellant further contends in this connection that article 7078 is superseded by the enactment by the Legislature at the same session of the act (39th Leg. c. 50, p. 187), validating city charters theretofore adopted, or attempted to be adopted, under the provisions of chapter 147 of the Thirty-Third Legislature (Acts 1913). This act of the Thirty-Ninth Legislature is not a part of Revised Statutes 1925, although for convenience it has been incorporated in Vernon's Texas Annotated Statutes as article 1174a. By express provision the Revised Statutes 1925, became effective September 1, 1925, and after article 1174a, which became effective July 19, 1925. Article 1174a, as shown by section 2 of the act, by its terms was intended to validate charters of cities, where, in adopting them, the cities "may not have complied strictly with all the provisions and requirements" of chapter 147, Acts 33d Legislature. Therefore, like the Curative Act of October 6, 1917, c. 30, § 1 (V. S. C. S. Supp. 1918, art. 1096k), it cannot be held to validate the ordinance in question. Ball et al. v. City of McKinney (Tex. Civ. App.) 286 S. W. 341; A. B. C. Storage Co. v. City of Houston (Tex. Civ. App.) 269 S. W. 882, 884.

Article 1015, § 35, relates to the powers of city councils generally, and cannot control the provisions of article 7078.

Article 1177 is a general provision, preserving to home rule cities the powers theretofore granted to them by special or general laws not embraced in and made a part of their charters, but this article cannot be construed to validate an ordinance of any such city enacted in violation of article 7078, which is specific, and, in effect, inhibits the very ordinance under consideration.

For the reasons stated, the judgment is affirmed.