# R. F. JENNINGS, EXECUTOR, V. TEXAS FARM MORTGAGE COMPANY.

No. 6374.   Decided March 27, 1935.
Rehearing overruled May 1, 1935.
(80 S. W., 2d Series, 931.)

R. F. *Spencer* and *A. J. Lewis,* both of San Antonio, for plaintiff in error.

S. W. *Marshall,* of Dallas, *Jas L. Shepherd, Jr.,* and *Baker, Botts, Andrews & Wharton,* all of Houston, for defendants in error.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals.

The question here, is whether the Court of Civil Appeals correctly affirmed judgment of the District Court sustaining general demurrer to a petition seeking recovery by way of penalty, in double the amount of interest paid on borrowed money, on the proposition that the transaction was usurious (although interest contracted to be paid, and actually paid, was at the rate of only 7 per cent per annum), if upon certain contingencies there be a possibility of an acceleration of interest so that more than 10 per cent may be collected. 52 S. W. (2d) 272.

There is no contention that in the transaction, the interest actually provided for, in the absence of acceleration, would constitute usury.

The amended petition, to which general demurrer was sustained, alleges, in substance, that on or about November 1, 1923, the Texas Farm Mortgage Company made a loan of $66,000.00 to J. D. Jennings and W. H. Jennings, both of whom were then living—both having since died, plaintiff in error R. F. Jennings is the independent executor of the will of J. D. Jennings, deceased, and administrator with the will annexed of the estate of W. H. Jennings, deceased, duly appointed, qualified and acting as such under proper orders of the County Court of Webb County and of the County Court of Bexar County, respectively—said loan being evidenced by a written promissory note signed by the said J. D. Jennings and W. H. Jennings, due on October 1, 1933, payable to the order of said company at its office in the City of Dallas, with interest after maturity at the rate of 10 per cent per annum, and the further provision that if said note is placed in the hands of an attorney for collection after its maturity, or if collected by any proceeding in any court, including courts of bankruptcy and

probate, the makers agree to pay a sum equal to 10 per cent of the entire amount, principal and interest due thereon, as attorney's fees.

That simultaneously with the making of said loan and the execution of said principal note, the said J. D. and W. H. Jennings also signed 10 interest notes, due in numerical sequence on the first day of October of each year thereafter, the last one maturing on the 1st day of October, 1933. Said interest notes were in amounts at the rate of 6 per cent per annum on the principal, the first covering eleven months' interest from November 1, 1923, to its due date, October 1, 1924, in the amount of $3,630.00, and the other nine for $3,960.00 each.

Each of said interest notes, except as to amount, number and maturity, as just stated, provide and read substantially as follows, viz:

"$3,630.00                                          November 1, 1923.

"On the first day of October (fixed) 1924, we promise to pay to the order of Texas Farm Mortgage Company thirty six hundred thirty and no/100 dollars at its office in the city of Dallas, State of Texas, for value received, with interest at the rate of ten per cent per annum after maturity, being interest on one principal note for $66,000.00 this date given by us to said company.

W. H. Jennings,

No. 1                                        J. D. Jennings."

As part of the loan transaction and for the purpose of securing payment of said principal and interest coupon notes the said J. D. and W. H. Jennings made a deed of trust and lien on certain lands in Zapata County, aggregating 26,918 acres, to Leslie Waggoner, trustee, for the use and benefit of the payee and any other holder and owner of said notes. One paragraph of said deed of trust provides in substance, that "this indenture is intended as a deed of trust to secure the payment of one promissory note, hereinafter called 'principal note' for the sum of $66,000.00, bearing even date herewith, executed by the parties of the first part, payable at Dallas, Texas, to the order of the Texas Farm Mortgage Company, * * * on October 1, 1933 * * * bearing interest from date until maturity, according to the tenor and effect of interest notes thereto attached of even date herewith, secured hereby and hereto referred to and made a part hereof, said interest note being payable annually on the 1st day of October of

each and every year until the maturity of said principal note; all of which principal and interest notes are intended to be secured hereby, and stipulate that they shall bear interest at the rate of 10 per cent per annum after maturity."

Another paragraph of said deed of trust provides: "Now, it is further understood and agreed that if default be made in the payment of any indebtedness, whether principal or interest, herein provided for, when the same may become due and demandable, or if default be made in any stipulation, agreement or covenant herein contained, then the whole of the indebtedness secured in and by this instrument may, at the option of said party of the third part, or any holder of said note, or other indebtedness secured hereby, without notice to said parties of the first part, be declared due and payable, and the said party of the third part, or any holder of said notes or any other indebtedness secured hereby, may proceed to enforce this deed of trust, as hereinafter provided, or at its or his option, institute proceedings respectively, for the collection at law or in equity, of such amounts as may be then unpaid."

It is further alleged "that as an additional part of the aforesaid loan transaction, the said J. D. Jennings and W. H. Jennings were required to and did execute and deliver to said Texas Farm Mortgage Company, a 'second interest note' dated November 1, 1923, payable to the order of Texas Farm Mortgage Company, in the sum of $6,545.00 * * * as follows: $605.00 on the 1st day of October, 1924 and $660.00 on the 1st day of each succeeding October until paid, with interest at the rate of 10 per cent per annum on each installment after its maturity, reciting further that the payment of this note is secured by a second deed of trust, which is recorded in the public records of Zapata County, in the State of Texas, and is given for a part of the interest on a loan of $66,000.00 to the undersigned by the Texas Farm Mortgage Company, and, it is expressly agreed that if this note be placed in the hands of an attorney for collection, after its maturity, or after the maturity of any of its installments, or if placed in the hands of an attorney for collection before maturity, under circumstances authorizing suit to be brought at such time, or if collected by any proceeding in any court, including courts of bankruptcy and probate, we will pay a sum equal to 10 per cent as attorney's fees, upon the portion of this note then unpaid."

It is further alleged that at the time of the execution of said last described note, said J. D. Jennings and W. H. Jennings, made a "second deed of trust" to Percy Davis, trustee in trust for the use and benefit of said payee or any other holder of

said last described notes, conveying the same land described in the first deed of trust above mentioned.

One paragraph of said "second deed of trust" provides in substance: "This indenture is intended as a deed of trust to secure the payment of one promissory note for $6,545.00, of even date herewith, payable in installments, as therein specified, containing the usual 10 per cent attorney's fee clause, each installment thereof bearing interest, after due date, at the rate of 10 per cent per annum, executed by the parties of the first part * * * to the order of Texas Farm Mortgage Company. * * * This deed of trust is made subject and second to a first deed of trust of even date herewith, executed by the parties of the first part to Leslie Waggoner, trustee, for the Texas Farm Mortgage Company, securing a principal note of $66,000.00 payable to said Texas Farm Mortgage Company, and the installment note herein described and secured is given for a part of the interest on said $66,000.00 loan."

Another paragraph of said "second deed of trust" provides, in substance: "If default should be made in the payment of the notes secured hereby, or any of them, or if any of the covenants or agreements contained in said first deed of trust should be breached, then the whole sum of money hereby secured shall become due and payable, at the election of the holder hereof, and without notice to said parties of the first part, and the party of the second part, or his successor or successors hereunder, when so requested by the party of the third part, or any holder of said note, or notes, shall sell or cause to be sold the property herein described, in accordance with the provisions in the first deed of trust, of even date herewith and given by the grantors herein to Leslie Waggoner, trustee for the Texas Farm Mortgage Company, and hereinabove referred to, and shall execute in his name a deed to the purchaser. Such sale shall be a perpetual bar against said parties of the first part, their heirs, assigns, and all other persons."

It is then alleged that by reason of the above and foregoing facts and on account of the terms, provisions and conditions of the above described notes and deeds of trust, the same and each of them were and are usurious and in violation of the provisions of the constitution and statutory laws of the State of Texas.

That on or about September 26, 1928, said J. D. Jennings and the estate of W. H. Jennings, deceased, paid and the then owners and holders of said notes and deeds of trust received and collected the sum of $4,620.00 as interest, of which amount $3,960.00 represented the annual installment of interest due on

October 1, 1928, evidenced by coupon note of the first deed of trust and the sum of $660.00 evidenced by the installment corresponding in due date, of the second deed of trust, and again on October 9, 1929, similar payments were made and received, evidenced by coupon note and second deed of trust note, due October 1 ,1929, making a total of $9,250.27 (a small amount of interest on overdue installments having been added) so received and collected within two years next before the filing of this suit.

(It appears that the original petition was filed on September 24, 1930.)

It is then alleged that plaintiff is entitled to recover and *here sues for* double the amount of such interest received and collected, to-wit: the sum of $18,500.54.

The prayer is as follows:

"Wherefore, premises considered, and the defendants and each of them having heretofore been duly and legally served in the manner and for the length of time required by law, and each of them having heretofore appeared and filed answer herein, plaintiff prays that he have judgment against them, and each of them, jointly and severally, for the sum of $18,-500.54 together with interest thereon, as provided by law, costs of this suit and such other and further relief, general and special, legal and equitable, to which he may be entitled and for which he will ever pray."

## OPINION

■ *First.* This action was, as shown by the above statement of plaintiff's petition, brought for the recovery of the penalty of double the amount of interest paid, as authorized by Art. 5073, Rev. Stat. 1925, and is available to a borrower only when he has in fact paid and the lender has in fact received in the year in question, interest in excess of 10 per cent for such year, and since it appeared from the amended petition herein that only 7 per cent interest was paid in each of the years in question, such proceeding is not maintainable and the general demurrer was correctly sustained.

■ Said article reads as follows:

"Art. 5073. Action on usurious rate. Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from

the person, firm or corporation receiving the same. Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made," and while its verbiage is a change made by the codifiers from that previously employed, as so changed and as above written it is the governing statute on the subject. It and all other provisions of the codification or Revised Civil Statutes of 1925 became an act of the legislature when adopted (Sect. 22 of Final Title) and all civil statutes of a general nature then in force and not included in or expressly continued in force by said Revised Civil Statutes of 1925 are thereby repealed. American Indemnity Co. v. City of Austin, 112 Texas, 239, 246 S. W., 1019; City of Lubbock v. Magnolia Petroleum Co., 291 S. W., 660; Id. (Com. App.), 6 S. W. (2d) 80.

So, we are dealing now, not with the statute as it aforetime read, viz: "if usurious interest be received or collected," the double penalty may be recovered, but with the changed statute limiting such right of recovery only when "a greater rate of interest than 10 per cent shall have been received or collected," within the given year.

While the facts in Fires v. Kinney-Shotts Inv. Co., 59 S. W. (2d) 827 (Com. App.), are not precisely the same as in the instant case, certain rules, there laid down are applicable here, viz:

"The provision of the statute which authorizes a recovery of double the amount of usurious interest against the person who receives or collects the same is a penalty. It is an exaction imposed by statute as a punishment for an unlawful act. One who seeks a recovery under this statute has the burden of proving the existence of facts entitling him to the penalty therein provided. * * * An action under the statute for the penalty provided rests upon an entirely different basis from one wherein a defense is urged against the enforcement of a usurious contract or wherein it is sought to cancel the interest imposed by such a contract. The former is an action under a statute (Rev. St., 1925, Art. 5073) designed to inflict punishment upon one who has collected and received payment of usurious interest."

■ The cause of action here asserted is simply one to recover the statutory penalty and the right rests alone upon the statute.

*Second.* Plaintiff in error argues in effect that having

prayed for general relief, he may show usury vel non in the transaction and recover the amount of interest paid, notwithstanding his petition is not sufficient as for a penalty under the statute.

■ We overrule this contention. The plaintiff must recover in the right in which he sues and upon the facts stated in his pleadings as the basis of that right and cannot recover on a right different from that asserted, it matters not what the prayer may be. Milliken v. Smoot, 64 Texas, 171.

The pleading nowhere makes reference to a claim, if any, for usurious interest as contradistinguished from the statutory penalty, and the prayer is specifically for recovery of the sum of $18,500.54, amount of penalty sued for, "with interest thereon, as provided by law." As said in Arrington v. McDaniel (Com. App.), 14 S. W. (2d) at p. 1011, "the prayer for other and further relief to which they may be entitled at law or in equity, cannot enlarge the recovery to embrace a cause of action not within the pleadings." 33 Texas Jur., 466.

The general demurrer, for the purpose of its consideration, assumes the truth of the averments of the challenged pleading; so assuming, the purpose for which they are plead cannot be given a different legal effect and be made the basis of action by the court not fairly within the purpose originally designated. Townes Tex. Pleadings (2d Ed.), p. 406.

The challenged petition here, contains no prayer for alternative relief; such relief may not be granted if not asked for in the pleadings. 25 Texas Jur., 505; 33 Texas Jur., 468-9. The court will not grant relief inconsistent with or entirely different from that asked in the special prayer. 25 Texas Jur., 514.

■ While in equity, under a general prayer, such relief as the court finds the party entitled to under the facts alleged may be granted, regardless of the special prayer, such relief must be consistent with the objects of the petition and cannot be granted if inconsistent with the case made by the pleadings. Denison v. League, 16 Texas at p. 406; Crawford v. Stevens, 31 S. W., 79.

The judgments of the Court of Civil Appeals and District Court are affirmed.

Opinion adopted by the Supreme Court March 27, 1935.