**ELLZEY et ux. v. ALLEN, District Judge.**

**No. 5567.**

Court of Civil Appeals of Texas. Amarillo.

May 31, 1943.

Rehearing Denied June 28, 1943.

Sanders & Scott, of Amarillo, for relators.

Albert Young and W. B. Lewis, both of Houston, and R. T. Correll, of Perryton, for respondent.

PITTS, Chief Justice.

This is an application for mandamus filed by relators, Thomas V. Ellzey and wife, Elvira Ellzey, against Honorable Jack Allen, District Judge of the 84th Judicial District of Texas, respondent, seeking to compel respondent to set aside an order of mistrial and render final judgment for relators in Cause No. 595 in the District Court of Ochiltree County in which Paul Ellzey, Carlos Ellzey, Dwight Ellzey, Callie Ellzey Smith, joined by her husband, A. C. Smith, Virginia Ellzey Tunall, joined by her husband, William Tunall, are plaintiffs and Thomas V. Ellzey and wife, Elvira Ellzey, are defendants.

Plaintiffs in said Cause No. 595 have answered for respondent in this court and they will be referred to in this opinion as "plaintiffs". Said Cause No. 595 was filed October 20, 1941 by plaintiffs seeking a partnership accounting and title to an undivided one-half interest in approximately eight sections of land located in Ochiltree County and praying also for general relief. Plaintiffs alleged that Frank Ellzey, the former husband of Callie Ellzey Smith, and father of plaintiffs Paul Ellzey, Thomas Ellzey, Dwight Ellzey and Virginia Ellzey Tunall, died intestate on April 17, 1918, leaving plaintiffs surviving and owners of an undivided interest in said land, together with certain personal property, the whole of which at the time of the death of Frank Ellzey was partnership property owned by deceased and his brother, Thomas V. Ellzey, who were then engaged in a partnership enterprise; that relator Thomas V. Ellzey, the surviving partner, was left to pay all debts, make a final accounting and distribute the remaining assets as the law provided; that on October 11, 1918, Callie Ellzey, surviving wife of deceased, qualified as community survivor; that all of the above named children of deceased and wife, Callie Ellzey, were minors at the time of the death of Frank Ellzey and Thomas V. Ellsey was appointed their guardian, but all of said children were over twenty-one years of age at the time this suit was filed; that on December 23, 1922, one Eli P. Clark filed a suit in the District Court of Hemphill County, Texas, the same being Cause No. 1699, and obtained a judgment against relator, Thomas V. Ellzey, and plaintiff, Callie Ellzey and others for a foreclosure of a deed of trust and possession of the land in question; that on July 2, 1926, the plaintiffs filed a suit in Cause No. 631 in Ochiltree County against the said Eli P. Clark to recover their interest in said land; that the said Eli P. Clark answered with a cross-action to quiet his title to said land; that on March 20, 1927, plaintiffs dismissed their claim against Clark and judgment was rendered in said cause for Eli P. Clark on his cross-action against plaintiffs; that relator Thomas V. Ellzey through a conspiracy fraudulently appropriated to himself the property in question belonging to plaintiffs and they prayed for relief as stated above.

Relator answered with numerous exceptions, a general denial, a plea of "not guilty" and alleged further that all the property in question had already been adjudicated against plaintiffs twice in Cause No. 1699 in Hemphill County and in Cause No. 631 in Ochiltree County and that plaintiffs' claims were all barred by the statutes of limitation.

The case went to trial before a jury and at the close of the evidence the record discloses, and the trial court so found, that plaintiffs announced that they had not made out a prima facie case on the issues of an accounting and title to the land in controversy and they did not tender any issues on those claims to be submitted to the jury but they did insist on submission of issues on contractual liabilities of relators after which relators moved for a peremptory instruction but the same was overruled

by the trial court. Then, over the objections of relators, the trial court submitted six special issues to the jury inquiring about the contractual liabilities of relators to plaintiffs and the jury failed to agree on answers to any of the issues except the first one and they were excused by the trial court, who overruled relators' motion for final judgment and entered an interlocutory judgment decreeing that relators prevailed in the issues of a partnership accounting and the title to the land in question, but ordered a mistrial on the question of contractual liabilities of relators.

Relators complain that plaintiffs tendered by their pleadings only the issues of partnership accounting and title to the land in question, both of which plaintiffs admit they failed to meet, and the trial court so found; that there were no pleadings and no evidence to support plaintiffs' claim for contractual liabilities of relators; that no such issues should have been submitted to the jury and that it was, therefore, the ministerial duty of the trial court to enter a final judgment for relators.

Plaintiffs have answered by filing a brief for respondent that relator Thomas V. Ellzey had contracted with plaintiffs to either pay them the sum of $12,000 or to give them their undivided interest in said land. Plaintiffs further state: "The court may assume (a) the case was fully developed; (b) that the pleadings are as good as can be made by us; (c) that the evidence is full and complete." Plaintiffs closed their said brief with a waiver of any technicalities and irregularities found in the record before this court and with the admonition that if this court finds their pleadings are insufficient or that they have not proved a case they want this court to grant the relief prayed for by relators.

There is no statement of facts in the record, but the trial court, at the request of relators, filed his findings of fact and conclusions of law which review the proceedings had and support the interlocutory judgment entered but make no findings of fact on the question of contractual liabilities of relator.

The transcript reveals that the only pleading found on the question of contractual liabilities of relators is that found in the body of plaintiffs' pleadings and is as follows, to-wit: "Thomas V. Ellzey informed them (plaintiffs) that they had lost their property by foreclosure. This information being given to Callie Ellzey and

Paul Ellzey almost continuously since the trial of Cause No. 631, and said statement being made to Callie Ellzey and being made by defendant Thomas V. Ellzey, and, when said Cause No. 631 was filed (July 2, 1926), Thomas V. Ellzey came to them with a statement that he was still working for their interest, and that the title to the property, although appearing in the name of Eli P. Clark, was, in truth and in fact, held by said Clark, in trust for all of them, and that he, the said Thomas V. Ellzey, was looking after said matters, and that the suit, if tried, would work against the plaintiffs herein, instead of for their benefit, and that if they would sign an order dismissing the same, that the matter could be handled for the plaintiffs' best interests, because there were notes that would have to be renewed, and extended, etc., and he promised the plaintiffs verbally that if they would dismiss this suit, they would receive Twelve Thousand ($12,000.00) Dollars in cash and assured them that the property was being held in trust for them, regardless of the fact that it was in the name of Eli P. Clark; and as a result of said representations, these plaintiffs signed an order, at the request of Thomas V. Ellzey, dismissing said cause of action * * *."

There was no prayer for contractual relief and no alternative pleading nor alternative prayer in the pleadings.

It certainly does not appear from the pleadings that plaintiffs were relying upon a contractual liability for judgment but it seems they alleged a contractual liability only to bolster their claim for title to the land in question.

An allegation of fact for one expressed purpose will not put such facts in issue for another entirely different purpose and a plaintiff can recover only in the right in which he sues and upon facts stated in his pleadings as the basis of that right. Jennings v. Texas Farm Mortgage Co., 124 Tex. 593, 80 S.W.2d 931, and Verschoyle et al. v. Holifield et al., 132 Tex. 516, 123 S.W.2d 878, both opinions by Commission of Appeals.

Plaintiffs contend that they had a contract with relator, Thomas V. Ellzey, for either the $12,000 in cash or the land in question; then plaintiffs are not claiming both; they alleged facts in support of their prayer only for the title to the land. Before plaintiffs could avail themselves of the claim of contractual liability of relators, they must have alleged facts separately and

alternatively from those alleged to recover title to the land and there must have been an alternative prayer for such relief. Thames v. Clesi et al., Tex.Civ.App., 208 S.W. 195; Norris v. Stoneham, Tex.Civ. App., 46 S.W.2d 363; Jennings v. Texas Farm Mortgage Co., supra; 25 Tex.Jur. 514, par. 123.

■ But plaintiffs contend that the contractual liability is asked for in their prayer for general relief. Such would be inconsistent with their special prayer for title to the land and a prayer for general relief will not authorize a judgment if it is inconsistent with a prayer for special relief. Smith v. Patton, Tex.Com.App., 241 S.W. 109; 25 Tex.Jur. 514.

■ It is a well-settled rule that there can be no issue unless it has been raised by both the pleadings and the evidence.

■■ In the case of Morton Salt Co. v. Lybrand, Tex.Civ.App., 292 S.W. 264, 265, writ refused, the court said: "The statute in regard to the submission of special issues authorizes a submission only when 'raised by the pleadings and the evidence,' in other words, to justify its submission, the issue must be raised by both pleadings and evidence; if raised by the pleadings and not by the evidence, or vice versa, it should not be submitted. However, if erroneously submitted, the jury's answer should be ignored by the court, for (article 2211 [1994-5-7] Rev.St. 1925) the judgment must conform to the pleadings, the nature of the case proved (the evidence), and the verdict of the jury, which necessarily comprehends a verdict based on an authorized submission, under article 2189." This rule is supported by Rules 67 and 277, Texas Rules of Civil Procedure, and by Foxworth-Galbraith Lumber Co. v. Southwestern Contracting Corporation et al., Tex.Civ.App., 165 S.W.2d 221.

■ If issues are not raised by the pleadings of plaintiff in the trial court, they should not be considered even though they may be raised by the evidence and where the

record entitles defendant to a judgment, entry of which is merely a ministerial act and does not involve the exercise of discretion, mandamus will lie to compel the entry of a judgment though the term of court at which the case was tried had adjourned. Allen et al. v. Strode, Tex.Civ.App., 62 S.W.2d 289, and Dallas Ry. & Terminal Co. v. Watkins, District Judge, et al., Tex. Civ.App., 89 S.W.2d 420.

■ In the case of Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875, 876, the Commission of Appeals, Section A, held as follows: "The judge of the court, however, has no arbitrary right to refuse to enter judgment on a verdict which constitutes a finding on all the facts tendered in the pleadings necessary to the rendition of judgment. And, when it appears from the verdict itself and the order refusing to render and enter judgment thereon that such refusal is arbitrary and not based on the exercise of discretion, mandamus will lie to require entry of judgment."

■ It is our opinion that the only issues tendered by plaintiffs in their pleadings in this case were those of partnership accounting and the title to the land, both of which have been properly disposed of by the trial court as far as he went, but that defendants were entitled to an instructed verdict and a final judgment. It is our opinion, further, that it was a ministerial duty of the trial court to render such judgment. It is, therefore, accordingly ordered that the writ of mandamus be granted as prayed for and that respondent, Honorable Jack Allen, District Judge of the 84th Judicial District of Texas, be directed to vacate the order of mistrial on the question of contractual liabilities of relators entered in Cause No. 595 in the District Court of Ochiltree County, styled Paul Ellzey et al. v. Thomas V. Ellzey et al., and that said respondent render final judgment in said cause in favor of relators; that plaintiffs take nothing by reason of their suit and that relators have their cost.