**Arnold H. BRUNER et al., Plaintiffs-Appellees-Cross-Appellants,**

**v.**

**REPUBLIC SUPPLY COMPANY, Defendant-Appellant-Cross-Appellee.**

**No. 27022.**

United States Court of Appeals
Fifth Circuit.

July 14, 1969.

Rehearing Denied and Rehearing En Banc Denied Sept. 9, 1969.

Certiorari Denied Jan. 19, 1970.

See 90 S.Ct. 683.

LeRoy Jeffers, Ross N. Sterling, David T. Searls, Elmer S. Browder, Houston, Tex., for appellants; Vinson, Elkins, Weems & Searls, Patterson, McDaniel, Moore & Browder, Houston, Tex., of counsel.

Robert A. Scardino, Harry Burns, Houston, Tex., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

MEHRTENS, District Judge:

Both plaintiffs, Arnold H. Bruner, Arnold H. Bruner & Co. and Arnold H. Bruner, Limited, and defendant below, Republic Steel Company, appeal from a judgment in favor of plaintiffs for $149,561.18 entered after a jury verdict rendered on special interrogatories. We reverse with directions to the district court to enter judgment for defendant.

This action, originally brought in the State court, then removed to the District Court, sought to recover the Texas statutory penalty permitting recovery of twice the amount of interest paid upon any contract where the interest paid exceeds 10% per annum.

The facts are virtually undisputed. In December, 1962, Bruner individually was indebted to Republic in the principal sum of $218,353.03, excluding interest, representing the unpaid purchase price of goods. Subsequently, in March, 1964, Bruner, the partnership and the corporation entered into a new agreement with Republic, acknowledging they were indebted to Republic in the principal sum of $287,187.66 plus interest, and providing that Bruner was to pledge as collateral his interest in certain stocks and execute trust deeds covering his interest in certain lands. Interest was to be paid at 7½% per annum for six months and thereafter at a rate of 1½% per month. In October, 1964, the principal balance due was $269,102.82 which remained unchanged thereafter. In September, 1964, all accruals of interest were suspended by Republic, at which time the total balance due, including principal and other charges, was $314,564.70.

Thereafter, plaintiffs being in default, a meeting was held whereby the parties agreed that $314,564.70 was owed to Republic; that Republic would foreclose and bid in property for that amount and would not attempt to obtain a deficiency for any greater sums. Not wanting to be humiliated by a judicial foreclosure and resultant publicity, Bruner requested that a private Trustee's foreclosure sale be held instead. Pursuant to this

agreement Republic bid in the property at the agreed figure of $314,564.70, cancelling the entire indebtedness of plaintiffs and transferred certain stock held by it as security to a second creditor.

A jury trial was held and a verdict rendered on special interrogatories wherein the jury found the total interest paid to be $74,780.59 and the value of plaintiffs' property at the time of the foreclosure sale to be $45,085.30 in excess of the foreclosure bid, totaling $119,865.89. Judgment was entered in favor of plaintiffs for $149,561.18, being twice the amount of interest found by the jury to have been paid by Republic.

The trial court had instructed the jury that the contracts provided for usurious interest and "that the maximum interest that can be charged in this case on the unpaid indebtedness owed by Mr. Bruner is six per cent per annum."

Plaintiffs' action is based upon Article 5073, Vernon's Annotated Texas Statutes, which provides in part: "[that] within four years after the time that a greater rate of interest than that fixed in the Texas Regulatory Loan Act, Acts of the 58th Legislature, Regular Session, 1963, or by some other Act of the Legislature, but if no other rate is so fixed, then ten per centum (10%) per annum, shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest [so paid]."

Article 5069, V.A.T.S. defines usury as interest in excess of the amount allowed by law, and states that all contracts for usury are void. Article 5070, V.A.T.S. provides that where no specified rate of interest is agreed upon 6% per annum shall be allowed. Article 5071, V.A.T.S. provides that any contract providing for a greater rate of interest than 10% per annum shall be void as to the interest only.

Mathematically, the amount of interest received by Republic amounted to 7.-3978% per annum, using the amount found by the jury to have been the total interest paid or 7.46% per annum, using the sum due at the time of the foreclosure sale.

Plaintiffs' action seeks to recover a penalty under Article 5073 and to recover they must show that they had in fact paid and Republic had in fact received interest in excess of 10% per annum. Jennings v. Texas Farm Mortgage Co., 124 Tex. 593, 80 S.W.2d 931 (1935). This is so regardless of the amount of interest provided for in the contract. Temple Trust Co. v. Haney, Tex.Civ.App., 103 S.W.2d 1035 (1937), affirmed, 133 Tex. 414, 107 S.W.2d 368; Groves v. National Loan & Investment Co., Tex.Civ.App., 102 S.W.2d 508 (1937); Mathews v. Interstate Building & Loan Ass'n, Tex.Civ.App., 50 S.W. 604 (1899).

■ Although Article 5070 provides a 6% rate for contracts where no specified rate is agreed upon, it does not set 6% as the usurious ceiling in such contracts nor does it supersede or amend Article 5073 which specifically provides for recovery when over 10% interest has been collected or received. We have been cited to and have found no case construing Texas law to the contrary. The cases of General American Life Insurance Co. v. Hamor, 95 S.W.2d 975 (Tex.Civ.App.1936); Deming Investment Co. v. Clark, 89 S.W.2d 853 (Tex.Civ.App.1935); and Atwood v. Deming Investment Co., 55 F.2d 180 (5 Cir. 1932), relied upon by plaintiffs, do not support their contention that the penalty provided for in Article 5073 is available when less than 10% but more than 6% per annum has been collected or received. The district court's charge to the jury that any amount received over 6% per annum was usurious was therefore clearly erroneous. Dowell, Inc. v. Jowers, 166 F.2d 214, 2 A.L.R.2d 442 (5 Cir. 1948).

■■ We agree with plaintiffs below that usurious interest may be paid in property as well as in money. We find no merit in their contentions that, in this case, they are entitled to an addi-

tional $90,170.00, being twice the difference found by the jury between the price bid at the foreclosure sale and the market value of plaintiffs' interest in the property. Neither the jury nor the District Court considered such value when computing the amount of interest paid. It would have been improper to do so. Where there has been a valid foreclosure sale the bid price is controlling and further, an agreed price or value, as in this case is likewise binding upon the parties. Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380 (1942).

Republic's contention that the District Court erred in excluding from evidence a contract between plaintiffs and a second creditor showing a compromise and settlement between plaintiffs, Republic and the other creditor, and plaintiffs' contentions that there was error in refusing to allow them attorney's fees, are not determinative of the outcome of this case.

Upon the undisputed evidence and under the law the plaintiffs did not pay and Republic did not collect or receive interest in excess of 10% per annum. A new trial could produce no different result. The judgment is therefore reversed and the case rendered to the District Court with directions to enter judgment in favor of appellant, Republic Supply Company.

Reversed and rendered.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

The appellees have filed a Petition for Rehearing En Banc. Nothing in the petition or the briefs has convinced us that the original opinion and the result reached are in error.

For the sake of clarity, however, and to avoid any misunderstanding as to our holding, we point out that the action was based upon Article 5073, Texas Statutes, which provides that if a greater rate of interest than that fixed by statute, or if no other rate is so fixed, then 10% per annum shall have been received or collected upon any contract, the person paying the same may recover double the amount of interest so paid by an action of debt; that Article 5070, Texas Statutes, provides that where the parties specify no particular rate of interest, then the rate shall be 6%. We held that Article 5070 does not declare rates between 6% and 10% to be usurious or supersede or amend Article 5073 and that under the statutes the parties had no action for double recovery unless the amount received or collected was 10% per annum or more. In this case the rate of interest received and collected amounted to 7.3978% per annum, and since it was less than 10% per annum, there was no right to double recovery under Article 5073. As to the right to recover interest received and collected in excess of 6% per annum, the plaintiffs did not sue on that theory and the case was not tried on that theory.

Accordingly, the Petition for Rehearing is denied, and no member of this panel nor any judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.