Candice MERRILL, Appellant,

v.

IDEAL FOOD STORES, INC., et al.,
Appellees.

No. 8074.

Court of Civil Appeals of Texas,
Amarillo.

Dec. 7, 1970.

Rehearing Denied Dec. 28, 1970.

Harris Lofthus, Amarillo, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, Jewett E. Huff, Amarillo, Sturgeon, Maguire & Sturgeon, Pampa, for appellees.

JOY, Justice.

This is a suit brought for slander by appellant, Candice Merrill, against Ideal Food Stores, Inc., J. D. Moler, the local manager for Ideal and Allied Super Markets, the parent corporation of Ideal. From judgment for defendants, the plaintiff has brought this appeal. Affirmed.

Plaintiff relies upon the jury's answers to two special issues for judgment in the amount of $4,000.00 answered in a damage issue. The jury found in answering the special issues that (1a–d) Moler signed a complaint charging plaintiff with a felony while acting as agent of Ideal and Allied, within the course and scope of his employment and that the local sheriff communicated to plaintiff's father information of the felony complaint as a result of Moler's action; (2) plaintiff was innocent of the offense; (3a–b) Moler communicated the accusation of a felony to one or more persons and the accusation was false; (4a–b) Moler's intent was to force plaintiff to pay the sum of $71.03 but Moler did not intend to dismiss the felony prosecution as soon as he received the money; (5) Moler was not actuated by malice; (6) Moler had probable cause to file the complaint; (7)

the felony prosecution had been terminated but unfavorably to plaintiff; (8) the communication by Moler to the employer of plaintiff was privileged; (9) Moler's communication to the sheriff was privileged; (10) Moler's communication to the district attorney's secretary was privileged; (11) Moler's communication to Bill Merrill was privileged; (12) Moler's communication, if any, to Billy Johnson that he (Moler) recognized plaintiff as the person who had presented the check to him for cashing was not privileged; (13) $4,000.00 would compensate plaintiff for actual damages caused by the filing of the felony complaint by Moler and (14) plaintiff was entitled to recover no damages from Ideal and Allied.

▆▆▆▆ Plaintiff contends error of the trial court in rendering judgment for defendants (1) "when the judgment was plainly for plaintiff", (2) "notwithstanding the verdict for plaintiff, with no motion n. o.v. having been filed by defendants" and (3) "in disregarding findings favorable to plaintiff and rendering judgment contrary thereto." Plaintiff contends the Special Issues No. 3 and No. 12 require judgment for plaintiff. Issue No. 3 read: "(a) Do you find from a preponderance of the evidence thàt defendant, J. D. Moler, communicated his accusation that plaintiff was guilty of a felony to one or more persons? Answer: He did. * * * (b) Do you find from a preponderance of the evidence that the accusation of defendant Moler so made by him to such one or more other persons was false? Answer: It was false." Special Issue No. 12 read as follows: "Do you find from a preponderance of the evidence that the communication, if any, made by J. D. Moler to Billy Johnson, to the effect that he recognized Candice Merrill as the person who had presented the check to him for cashing, was privileged communication as that term is defined for you? Answer: No." Defendants timely

objected to Special Issue No. 3 on the grounds that the issue was not raised by the pleadings and that the issue was too broad in general. We agree with defendants. The jury having found in answer to other issues that (1) defendant Moler had probable cause to file a complaint, (2) defendant Moler was not actuated by malice and (3) the prosecution had been terminated unfavorably to plaintiff renders the issue immaterial and same will not support a judgment for the plaintiff. Rules 277 and 279, Texas Rules of Civil Procedure. Plaintiff further contends that Special Issue No. 12 demands judgment for plaintiff. The issue set forth hereinabove is a defensive issue with the burden properly placed and answered unfavorably to defendants. No issue was submitted and the jury made no finding that any communication at all was made by Moler to Billy Johnson, nor did plaintiff base his pleadings upon any communication made to Billy Johnson. The court had sustained defendants' exceptions to plaintiff's pleadings of communication made to "divers other persons". The jury having found only that the communication, *if any*, was not privileged does not constitute a finding that a communication was actually made to Billy Johnson. That burden was upon plaintiff to establish by pleading and evidence, and having failed to do so, the plaintiff cannot now complain. A judgment must be founded upon both the pleading and the evidence. Rule 301, T.R.C.P.; Jennings v. Texas Farm Mortgage Co., 124 Tex. 593, 80 S.W.2d 931 (1935); see also Mullinax v. Snorgrass, et al., 83 S.W.2d 1080 (Tex.Civ.App. ref'd); Harkéy v. Texas Employers' Ins. Assoc., 146 Tex. 504, 208 S.W.2d 919 (1948); Matthews v. General Accident Fire & Life Assur. Corp., 161 Tex. 622, 343 S.W.2d 251 (1961); Ellzey v. Allen, 172 S.W.2d 703 (Tex.Civ.App. dism'd).

Finding no reversible error, we affirm the judgment of the trial court.